In the Matter of BAXTER FLOYD, Respondent, v ROBERT McGUIRE, as Police Commissioner of the City of New York, Appellant.

First Department, June 29, 1982

### APPEARANCES OF COUNSEL

*Dody Schorr* of counsel (*Ronald E. Sternberg* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant.

*Baxter Floyd,* respondent *pro se.*

### OPINION OF THE COURT

SILVERMAN, J.

This is an appeal by respondent Police Commissioner of the City of New York from a judgment (denominated an order) of Special Term directing the police commissioner to produce for petitioner's examination certain material requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law, § 84 *et seq.*).

Petitioner is a former correction officer of the City of New York now confined in the Ossining Correctional Facility. According to appellant police commissioner's attor-

ney, petitioner was part of a "confederation of cocaine operators", and undercover police purchased cocaine from petitioner and an associate for $23,400. Various "members of petitioner's drug operation" were arrested, and on July 1, 1973 "the investigation was terminated with the arrest of petitioner for violations of Penal Law sections regarding the sale of dangerous drugs."

In April, 1981 petitioner, pursuant to FOIL (Public Officers Law, § 87) demanded various reports or notes which appear to be substantially all the records of the investigation in the possession of the police department, including all reports, notes and logs concerning all surveillances of petitioner, records of interviews of various persons, notes by certain police officers, all reports received by the police department from the Drug Enforcement Administration concerning petitioner, etc. The police department, by its public inquiry and requests section, responded that the request was denied because the statute did not require disclosure of such records. The section's notification to that effect also informed petitioner that he was entitled to appeal by addressing his appeal to the Deputy Commissioner of Legal Matters, and that he would be notified in writing of the results of his appeal within seven business days of receipt. On May 9, 1980 petitioner appealed to the Deputy Commissioner of Legal Matters. Having received no response, petitioner commenced the present CPLR article 78 proceeding on May 28, 1980, 19 days after taking his administrative appeal.

The police commissioner's response to the CPLR article 78 proceeding gives no explanation or excuse for the failure to respond to petitioner within seven days, but argues that the material requested is exempt from disclosure under section 87 (subd 2, par [g]) of the Public Officers Law, as interagency or intraagency materials, which are not (i) statistical or factual tabulations or data, (ii) instructions to staff, or (iii) final agency policy or determinations.

Section 89 (subd 4, par [a]) of the Public Officers Law provides with respect to interagency appeals under FOIL that the designated appeal authority "shall within seven business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for

further denial, or provide access to the record sought." Special Term interpreted this section as mandatory and as requiring furnishing the material requested if no such explanation in writing was furnished within the seven days. Accordingly Special Term directed the furnishing of the material without regard to whether or not the material was exempted from disclosure by the statute.

We think this is too rigid an interpretation of the statute. As a textual matter, if the effect of failure to comply were as Special Term interpreted it, it would have been more appropriate for the statute to say that if (A) the agency did not furnish the explanation in writing then (B) the agency must provide access to the material sought. Instead, however, the statute is phrased in the alternative form of requiring the agency within seven days to do either (A) or (B). As a textual matter there would appear to be no particular reason to say that failure to do either (A) or (B) would require the agency to do (B) rather than (A), which is the choice Special Term made.

More important, as a policy matter, we do not think the statute should be interpreted so rigidly to require the result directed by Special Term. We recognize the importance of prompt response by the agency to the request for information. Such responsiveness and accountability are the very point of FOIL. But the same statute also expresses the public policy that some kinds of material should be exempt from disclosure. Both policies must be considered. To say that even the slightest default in timely explanation destroys the exemption seems to us too draconian. We think the seven-day limitation should be read as directory rather than mandatory, and that the consequence of failure by the agency to comply with the seven-day limitation is that the applicant will be deemed to have exhausted his administrative remedies and will be entitled to seek his judicial remedy. That appears to be the result under the analogous provision of the Federal Freedom of Information Act (US Code, tit 5, § 552, subd [a], par [6], cl [C]; see *Shermco Inds. v Secretary of U. S. Air Force,* 452 F Supp 306, 316, revd on other grounds 613 F2d 1314; *Hayden v United States Dept. of Justice,* 413 F Supp 1285).

We do not now pass on the question whether a more egregious disregard by the agency of the statutory time period may call for a more severe remedy, perhaps even including one such as Special Term here imposed. But for this default of a few days, we are not prepared to say that if these materials are exempted by statute that exemption should be disregarded.

We therefore remand the matter to Special Term to enable the Justice there presiding to determine whether and to what extent petitioner is or is not entitled to these materials. For this purpose, the court may examine the materials *in camera.*

The judgment (denominated an order), Supreme Court, New York County (TAYLOR, J.), entered March 24, 1981, directing appellant, the Police Commissioner of the City of New York, to produce for petitioner's examination certain material requested by petitioner, should be reversed, on the law, without costs, and the matter remanded to Special Term, Part I, New York County, for the purpose of having the Justice presiding at Special Term determine whether the material requested falls within one of the exemptions specified in the Freedom of Information Law, and for further proceedings consistent therewith. The matter shall appear on the Special Term, Part I Calendar at a date to be specified in the order hereon.

MURPHY, P. J., ROSS, FEIN and ASCH, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 24, 1981, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated and the matter remanded to Special Term, Part I, New York County, for the purpose of having the Justice presiding at Special Term determine whether the material requested falls within one of the exemptions specified in the Freedom of Information Law, and for further proceedings consistent therewith. The matter shall appear on the Special Term, Part I Calendar within 30 days from the date of entry of this court's order.