In the Matter of MICHAEL WILSON, Appellant, v TOWN OF ISLIP et al., Respondents.

The petitioner requested that the respondents provide copies of the Town of Islip's cellular telephone bills for 1987, 1988

and 1989. The court correctly determined that the respondents complied with this request by producing the summary pages of the bills showing costs incurred on each of the cellular phones for the subject period. The petitioner never specifically requested any further or more detailed information with respect to the telephone bills. In view of the information disclosed in the summary pages, which indicated that the amounts were not excessive, it was fair and reasonable for the respondents to conclude that they were fully complying with the petitioner's request.

However, the petitioner's request for specified Homestead Program applications should not have been denied in its entirety. While the disclosure of the some of the material contained in the applications would constitute an unwarranted invasion of personal privacy, the respondents should have disclosed the non-exempt information contained in the applications (see, Public Officers Law § 87 [2] [b]; § 89 [2] [b]; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75; *Matter of Moore v Santucci*, 151 AD2d 677). Indeed, the petitioner acknowledges on appeal that he may not be entitled to the entire application for each of the individuals involved. He has now limited his request to information that would show whether any of the named applicants is a past or present employee of the Town of Islip. Therefore, the respondents are directed to provide those applications, redacted to reflect only the employment history of the applicants.

Finally, regarding the petitioner's July 7, 1989 and July 19, 1989, requests for information, the court properly determined that the petitioner failed to exhaust his administrative remedies (see, *Moussa v State of New York*, 91 AD2d 863; *Matter of Floyd v McGuire*, 87 AD2d 388). Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.