■ In the Matter of RALPH R. HALL, Appellant, v NEW YORK STATE EXECUTIVE DEPARTMENT, DIVISION OF PAROLE, Respondent.—Appeal from a judgment of the Supreme Court (Kane, J.), entered February 12, 1992 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

Petitioner, serving concurrent prison terms of 15 years to life and 20 years to life, was denied parole based upon the nature of the offenses for which he was imprisoned. Supreme Court dismissed petitioner's application for CPLR article 78 relief, finding that respondent's determination was made in accordance with the law. On this appeal, petitioner primarily contends that respondent relied upon inaccurate information in making its determination.

We affirm. Parole release is a discretionary decision which, if made in conformity with statutory requirements, is not reviewable *(see, Matter of McKee v New York State Bd. of Parole,* 157 AD2d 944). Petitioner has failed to make a convincing showing that respondent considered erroneous information in making its decision *(see, People ex rel. Thomas v Superintendent,* 124 AD2d 848, *lv denied* 69 NY2d 611; *Matter of Abrams v New York State Bd. of Parole,* 88 AD2d 951). In any event, respondent's decision was based upon the severity of the offense for which petitioner was imprisoned and his prior criminal history, facts admitted by petitioner at the hearing. These factors are in themselves a sufficient basis upon which to deny parole *(see, Matter of Ristau v Hammock,* 103 AD2d 944, *lv denied* 63 NY2d 608). Therefore, even if it were assumed that some undisclosed inaccuracies exist in the information provided to respondent, the facts admitted by petitioner provide a sufficient justification for the denial of parole *(see, Matter of Lynch v New York State Div. of Parole,* 82 AD2d 1012). We have reviewed petitioner's other arguments and find that they have been waived or are without merit

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.