■ In the Matter of CHARLES McLAIN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [611 NYS2d 629] — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the New York State Division of Parole dated May 1, 1991, denying the petitioner release on parole, the petitioner appeals (1) from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered December 16, 1991, which denied his application, and (2) as limited by his brief, from so much of an order of the same court, entered May 18, 1992, as, upon reargument, adhered to its original determination in the judgment.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as that judgment was superseded by the order made upon reargument, and it is further,

Ordered that the order entered May 18, 1992, is affirmed insofar as appealed from, without costs or disbursements.

In the absence of a convincing demonstration to the contrary, it is presumed that the New York State Division of Parole acted properly in accordance with statutory requirements *(see, People ex rel. Thomas v Superintendent of Arthur Kill Correctional Facility,* 124 AD2d 848; *see also, Matter of Gonzalez v Rodriguez,* 135 AD2d 633, 634; *compare, Matter of King v New York State Div. of Parole,* 190 AD2d 423, 433-434, *affd* 83 NY2d 788). Here, the petitioner failed to make a convincing showing that the Division failed to consider each of the factors enumerated by statute *(see,* Executive Law § 259-i [2] [c]), as it was required to do in making its decision *(see, People ex rel. Thomas v Superintendent of Arthur Kill Correctional Facility, supra,* at 849; *Matter of King v New York State Div. of Parole, supra,* at 431). Moreover, the Board's written statement setting forth its reasons for denying parole, i.e., the

petitioner's "pattern of offenses, history of alcohol abuse and the seriousness of the present offense", was, on this record, sufficient (see, Executive Law § 259-i [2] [a]; *People ex rel. Thomas v Superintendent of Arthur Kill Correctional Facility, supra,* at 849), notwithstanding the petitioner's exemplary institutional record and educational achievements, all of which were considered by the Board. Because the record indicates that the Board acted in accordance with statutory criteria, its discretionary release decision is not subject to judicial review (see, Executive Law § 259-i [5]; *Matter of Briguglio v New York State Bd. of Parole,* 24 NY2d 21, 29; *Matter of Gerena v Rodriguez,* 192 AD2d 606; *Matter of Hall v New York State Executive Dept.,* 188 AD2d 791; *Matter of Macon v New York State Bd. of Parole,* 176 AD2d 880; cf., *Matter of King v New York State Div. of Parole,* 190 AD2d 423, 431, supra). Accordingly, the Supreme Court correctly found that the petitioner was not entitled to relief.

We have considered the petitioner's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit (see, *Matter of Ganci v Hammock,* 120 AD2d 666; *Matter of Wilson v Town of Islip,* 179 AD2d 763, 764). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.