■ In the Matter of ROBERT FUCHINO, Petitioner, v VICTOR T. HERBERT, as Superintendent of Collins Correctional Facility, et al., Respondents. [680 NYS2d 389] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: This case was transferred to our Court pursuant to CPLR 7804 (g) by order of Supreme Court granted April 13, 1998. By order granted July 14, 1998, Supreme Court *sua sponte* "vacated" its prior order of transfer because the subject of this proceeding is a parole release interview and not a hearing within the meaning of CPLR 7803 (4). Although the transfer of this proceeding to our Court may not have been proper given the fact that the Parole Board's determination was not made as a result of a hearing at which evidence was taken (*see,* CPLR 7803 [4]), the matter now being before us, we will decide the proceeding.

There is no merit to the contention of petitioner that the Parole Board failed to consider the enumerated factors in Execu-

tive Law § 259-i when it denied his parole application. The record establishes that the Parole Board properly based its decision upon the entire record, including petitioner's criminal record and the seriousness of the crime (*see, Matter of Weir v New York State Div. of Parole,* 205 AD2d 906, 907). Absent evidence to the contrary, " 'it is presumed that the New York State Division of Parole acted properly in accordance with statutory requirements' " (*Matter of Putland v Herbert,* 231 AD2d 893, *lv denied* 89 NY2d 806, quoting *Matter of McClain v New York State Div. of Parole,* 204 AD2d 456). The Parole Board acted in accordance with the statutory criteria, and its discretionary release decision therefore is not subject to judicial review (*see,* Executive Law § 259-i [5]; *Matter of Putland v Herbert, supra; Matter of McClain v New York State Div. of Parole, supra,* at 457). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Fahey, J.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.