■ In the Matter of ESMER RHODEN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [704 NYS2d 521] —Ap-

peal from a judgment of the Supreme Court (Cobb, J.), entered May 26, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was sentenced to a prison term of 6 to 18 years following his conviction of the crime of manslaughter in the first degree. This conviction stemmed from petitioner's action in inflicting a fatal stab wound on his roommate during an argument. Petitioner was previously denied parole release in 1996. Petitioner's latest application for parole release was again denied and, following an administrative appeal, the Board of Parole's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition on the merits and this appeal followed.

We affirm. Initially, we find no abuse of discretion in Supreme Court's denial of petitioner's motion for a default judgment premised upon respondent's short delay in timely serving an answer (see, CPLR 7804 [e]). Turning to the merits, we conclude that the record discloses that the Board considered all relevant factors in denying petitioner's parole request, including petitioner's certificate of earned eligibility and positive accomplishments while incarcerated as well as the seriousness of the offense and his attempts to minimize his responsibility. Accordingly, judicial review of the Board's determination is precluded (see, Executive Law § 259-i [5]; see also, Matter of Anthony v New York State Div. of Parole, 252 AD2d 704, lv denied 92 NY2d 812, cert denied 525 US 1183). We have examined petitioner's remaining arguments and find them to be unpersuasive under the circumstances.

Mercure, J. P., Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.