■ In the Matter of FERNANDO MOREL, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, Respondent. [717 NYS2d 425] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 8, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 8⅓ to 25 years imposed upon his conviction of manslaughter in the first degree arising out of an incident in which he stabbed the victim with a knife. Following the denial of his request for parole release, petitioner commenced this CPLR article 78 proceeding to review the determination and now appeals from the dismissal of his petition on the merits.

Contrary to petitioner's claims, the record demonstrates that the Board of Parole considered all relevant factors in denying his request. Petitioner's real dispute is with the weight accorded those factors, but the Board is not required to give equal weight to each factor (*see, Matter of Farid v Travis*, 239 AD2d

629) and release on parole is not a reward for petitioner's good conduct or achievements while incarcerated (*see, Matter of Guerin v New York State Div. of Parole,* 276 AD2d 899, 900). The Board did not err in rejecting petitioner's attempt to mitigate the serious nature of the crime by claiming justification and lack of intent to injure the victim, claims which were rejected by the jury that convicted him (*see, People v Morel,* 250 AD2d 626, *lv denied* 92 NY2d 857). Although petitioner contends that documents considered by the Board contained factual errors, he was given an ample opportunity at the hearing to address the alleged errors and there is nothing in the record to demonstrate that the Board's determination was affected by an error of fact. We have considered petitioner's remaining arguments and find them lacking in merit. The Board's denial of petitioner's request for parole release was made pursuant to the statutory requirements (*see,* Executive Law § 259-i) and, therefore, it will not be disturbed (*see, Matter of Rhoden v New York State Div. of Parole,* 270 AD2d 550, *lv dismissed* 95 NY2d 898).

Cardona, P. J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.