■ In the Matter of BRUCE WOOD, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [723 NYS2d 897] —Appeal from a judgment of the Supreme Court (Lamont, J.), entered September 12, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner has been in prison since 1979 serving a prison sentence of 15 years to life upon his conviction of murder in the second degree. Petitioner's applications for parole release were previously denied in 1994, 1996 and 1998. In January 2000, petitioner again appeared before respondent for a parole release interview and was denied release. Supreme Court dismissed the CPLR article 78 proceeding seeking review of that determination and we affirm.

The record discloses that although respondent placed emphasis on the seriousness of petitioner's crime, it appropriately considered the relevant statutory factors including his positive accomplishments in prison and postrelease plans (see, Matter of Thomas v New York State Div. of Parole, 276 AD2d 990). Although petitioner asserts that certain documents considered by respondent contain erroneous criminal history information, there is nothing in the record to indicate that respondent's determination was affected by an error of fact (see, Matter of Morel v Travis, 278 AD2d 580, appeal dismissed and lv denied 96 NY2d 752). Inasmuch as petitioner has failed to demonstrate " 'a showing of irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476, quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77), we perceive no basis upon which to disturb respondent's discretionary determination that petitioner was not an acceptable candidate for parole release (see, Matter of Thomas v New York State Div. of Parole, supra). We have examined petitioner's remaining arguments and find them to be unpersuasive.

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.