■ In the Matter of WILLIAM JOHNSON, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, et al., Respondents. [726 NYS2d 300] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered September 22, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a sentence of 7 to 21 years in prison for his conviction of manslaughter in the first degree. Petitioner commenced this CPLR article 78 proceeding chal-

lenging the determination of respondent Board of Parole denying his most recent request for parole release and ordering that he be held for 24 months before his next appearance before the Board. Supreme Court dismissed the petition, prompting this appeal.

The record does not support petitioner's assertion that the Board failed to consider all relevant statutory factors and focused on the violent nature of his crime. It is well settled that the Board is not required to give equal weight to every factor considered nor to expressly enumerate every factor considered in denying a request for parole release (*see, Matter of Charlemagne v State of New York Div. of Parole*, 281 AD2d 669). In addition to considering petitioner's instant offense, criminal history and disciplinary violations since his last parole appearance, a review of the hearing establishes that the Board specifically noted petitioner's institutional achievements. Inasmuch as the Board considered relevant factors in denying petitioner's request for parole release, it cannot be said that the Board's determination was either irrational or arbitrary and capricious (*see, Matter of Crews v New York State Executive Dept. Bd. of Parole Appeals Unit*, 281 AD2d 672). Furthermore, we are unpersuaded by petitioner's assertion that the 24-month hold was excessive (*see,* 9 NYCRR 8002.3 [d]).

Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.