In the Matter of JOSE MATA, Appellant, v BRION D. TRAVIS et al., Respondents. [778 NYS2d 722]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Board of Parole, dated August 30, 2002, which, after a hearing, denied the petitioner's request to be released on parole, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Molea, J.), entered April 28, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

A determination of the New York State Board of Parole (hereinafter the Board), if made after consideration of the statutory factors (*see* Executive Law § 259-i [1] [a]; 2 [c] [A]), is not subject to judicial review absent a "showing of irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *Matter of Almeyda v New York State Div. of Parole*, 290 AD2d 505, 506 [2002]). The hearing record demonstrates that the Board considered the statutory factors. It was not required to give equal weight to each factor, nor was it required to discuss each of the factors in its determination (*see Matter of Johnson v Travis*, 284 AD2d 686, 687 [2001]; *cf. Matter of King v New York State Div. of Parole*, 83 NY2d 788, 791 [1994]). The Board's determination was made in accordance with law and was not irrational. Therefore, it should not be disturbed (*see Matter of Kirkpatrick v Travis*, 5 AD3d 385 [2004]; *Matter of Colon v Travis*, 305 AD2d 407 [2003]; *Matter of Romer v Travis*, 299 AD2d 553 [2002]).

The petitioner's remaining contentions are without merit. Townes, J.P., Crane, Spolzino and Lifson, JJ., concur.