▉ In the Matter of JOHN MANDALA, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [798 NYS2d 563]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 23, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1994 of two counts of manslaughter in the first degree after entering a bar and shooting a man to death with a shotgun, and then entering another bar minutes later and shooting his former girlfriend to death, also with a shotgun. Defendant was sentenced to an aggregate term of $11^{1}/_{3}$ to 30 years in prison. In December 2003, he made his fifth appearance before the Board of Parole. Following a hearing, the Board denied him parole release, based largely upon the violent nature of the crimes for which he was incarcerated, and ordered him held for an additional 24 months. After the decision was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. Parole release decisions are discretionary and will not be disturbed so long as they satisfy the statutory requirements of Executive Law § 259-i (*see Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970, 970 [2005]; *Matter of Zayd WW. v Travis*, 17 AD3d 755, 755 [2005]). The Board is not required to enumerate every statutory factor considered in its decision nor give each factor equal weight (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]). A review of the hearing transcript in the case at hand discloses that, in addition to the seriousness of petitioner's crimes, the Board considered petitioner's exemplary prison disciplinary record, positive program accomplishments and postrelease plans. In weighing

these considerations, the Board afforded greater weight to the violent circumstances of petitioner's crimes and found that his release would represent a danger to the community. In light of this, we cannot say that the denial of his request for parole release evinced " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Accordingly, Supreme Court properly dismissed the petition.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.