■ In the Matter of Geraldine Hardwick, Appellant, v Robert Dennison, Respondent. [840 NYS2d 425]—

In a proceeding pursuant to CPLR article 78 to review a determination of Robert Dennison, as Chairman of the New York State Division of Parole, which, after a hearing, denied the

petitioner's application to be released to parole, the appeal is from a judgment of the Supreme Court, Westchester County (DiBella, J.), entered October 26, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

"A determination by the New York State Division of Parole (hereinafter the Board) made pursuant to Executive Law article 12-B 'shall be deemed a judicial function and shall not be reviewable if done in accordance with law' " (*Matter of Nankervis v Dennison*, 30 AD3d 521, 522 [2006], quoting Executive Law § 259-i [5]). Absent a "convincing demonstration" to the contrary, the Board is presumed to have acted properly in accordance with statutory requirements, and judicial intervention is warranted only where there is a showing of "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *see Matter of Nankervis v Dennison, supra*; *Matter of McLain v New York State Div. of Parole*, 204 AD2d 456 [1994]).

In this case, the petitioner failed to make a showing that the Board failed to consider the statutory factors (*see* Executive Law § 259-i [2] [c] [A]). "[T]he Board need not recite each of the factors upon which it relied in making its determination, and its decision (actual or perceived) to place particular emphasis on a specific factor is not fatal where, as here, it is apparent that the Board's decision was made in compliance with statutory requirements" (*Matter of Romer v Dennison*, 24 AD3d 866, 868 [2005]). Based upon our review of the record, we disagree with the petitioner that the Board's determination to deny her discretionary parole release was based solely on the seriousness of the underlying crimes and that it merely paid "lip service" to the factors in her favor (*id.*). Miller, J.P., Crane, Ritter and Lifson, JJ., concur.