In the Matter of PAUL HANSON, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant. [869 NYS2d 786]

"A determination by the New York State Division of Parole (hereinafter the Board) made pursuant to Executive Law article 12-B 'shall be deemed a judicial function and shall not be reviewable if done in accordance with law' " (*Matter of Nankervis v Dennison,* 30 AD3d 521, 522 [2006] quoting Executive Law § 259-i [5]). "Absent a 'convincing demonstration' to the contrary, the Board is presumed to have acted properly in accordance with statutory requirements, and judicial intervention is warranted only where there is a showing of 'irrationality bordering on impropriety' " (*Matter of Hardwick v Dennison,* 43 AD3d 406, 407 [2007], quoting *Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000]).

The petitioner failed to demonstrate that the Board did not comply with the statutory requirements and failed to overcome the presumption that the Board reached its decision in accordance with those requirements (*see Matter of Nankervis v Dennison,* 30 AD3d at 522; *Matter of Heitman v New York State Bd. of Parole,* 214 AD2d 673 [1995]; *Matter of McLain v New York State Div. of Parole,* 204 AD2d 456, 456 [1994]; *Matter of Ganci v Hammock,* 99 AD2d 546, 547 [1984]). "[The Board] was not required to give equal weight to each factor, nor was it required

to discuss each of the factors in its determination" (*Matter of Mata v Travis,* 8 AD3d 570, 570 [2004]; *see Matter of Johnson v Travis,* 284 AD2d 686, 687 [2001]).

The petitioner's remaining contentions are without merit. Skelos, J.P., Fisher, Miller and Carni, JJ., concur.