In the Matter of BERNARD SAMUEL, Appellant, v GEORGE B. ALEXANDER, Respondent. [892 NYS2d 557]—

A parole determination may be set aside only where the determination of the New York State Division of Parole (hereinafter the Parole Board) to deny an early release evinced "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]). While the Parole Board is required to consider a number of statutory factors in making its determination (*see* Executive Law § 259-i [2] [c]), it is not required to give equal weight to each of the factors it considers, nor is it required to address each factor in its decision (*see Matter of Porter v Alexander,* 63 AD3d 945, 946 [2009]; *Matter of Hanson v New York State Bd. of Parole,* 57 AD3d 994, 994-995 [2008]; *Matter of Hardwick v Dennison,* 43 AD3d 406 [2007]).

Here, the petitioner failed to meet his burden (*see Matter of Galbreith v New York State Bd. of Parole,* 58 AD3d 731 [2009]) of showing that the Parole Board acted irrationally, bordering on impropriety, in denying his application to be released to parole (*see Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000]; *Matter of Russo v New York State Bd. of Parole,* 50 NY2d at 77). The Parole Board considered the statutory factors relevant to the petitioner's application to be released to parole, including the fact that he was subject to a final order of deportation issued by a federal immigration judge. There is no requirement that the Parole Board grant an individual conditional parole for deportation only (*see* Executive Law § 259-i [2] [d]), merely because he has completed his minimum term and is subject to a final order of deportation. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.