■ In the Matter of CARL MILLER, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [897 NYS2d 726]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated July 28, 2008, which, after a hearing, denied the petitioner's application to be released to parole, the appeal is from a judgment of the Supreme Court, Orange County (McGuirk, J.), dated June 5, 2009, which granted the petition, annulled the determination, and remitted the matter to the New York State Division of Parole for a de novo parole hearing.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

Pursuant to Executive Law § 259-i (2) (c), the New York State Board of Parole (hereinafter the Parole Board) is required to consider a number of statutory factors in determining whether an inmate should be released to parole (*see Matter of Mitchell v New York State Div. of Parole*, 58 AD3d 742 [2009]). The Parole Board is not required to give equal weight to each statutory factor (*see Matter of Hanson v New York State Bd. of Parole*, 57 AD3d 994, 994-995 [2008]; *Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]). Nor is it required specifically to articulate every factor considered (*see Matter of Hardwick v Dennison*, 43 AD3d 406, 407 [2007]; *Matter of Wan Zhang v Travis*, 10 AD3d at 829). Here, the record reveals that the Parole Board, in making its determination, considered the petitioner's institutional record, including his disciplinary record, program accomplishments, academic achievements, and postrelease living arrangements, as well as the violent circumstances of his crime, his criminal history, and his continued claim of innocence (*see Matter of Mandala v Dennison*, 20 AD3d 757 [2005]; *Matter of Wan Zhang v Travis*, 10 AD3d at 829). While the Parole Board did not expressly discuss the sentencing minutes, the record reveals that they were properly before it (*see Matter of Karlin v Alexander*, 57 AD3d 1156, 1157 [2008]; *Matter of Johnson v Dennison*, 48 AD3d 1082, 1083 [2008]).

Contrary to the petitioner's contention, the Parole Board's inquiries into whether he was a member of a gang or was aware, at the time of his offense, of racial turmoil in the community where the offense occurred, was not inappropriate given the circumstances of the offense. After giving due consideration to the statutory factors, the Parole Board denied the petitioner's application to be released to parole based on the seriousness of the offense, the petitioner's criminal history, and his continued

claim of innocence (*see Matter of Silmon v Travis*, 95 NY2d 470, 477 [2000]; *Matter of McLain v New York State Div. of Parole*, 204 AD2d 456 [1994]). The Parole Board's determination was not conclusory, and the language it used in its determination was "only semantically different" from the Executive Law (*Matter of James v Chairman of N.Y. State Div. of Parole*, 19 AD3d 857, 858 [2005]; *see Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778 [2008]; *Matter of Silvero v Dennison*, 28 AD3d 859, 859-850 [2006]). Accordingly, the Parole Board's determination was in accordance with law, and it was not irrational (*see Matter of Mata v Travis*, 8 AD3d 570 [2004]). Therefore, the petition should have been denied, the determination confirmed, and the proceeding dismissed on the merits. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.