■ In the Matter of DEMITRIOUS STANLEY, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [939 NYS2d 132]—

Pursuant to Executive Law § 259-i (2) (c), the New York State Board of Parole (hereinafter the Parole Board) is required to consider a number of statutory factors in determining whether an inmate should be released to parole (*see Matter of Miller v New York State Div. of Parole*, 72 AD3d 690, 691 [2010]; *Matter of Mitchell v New York State Div. of Parole*, 58 AD3d 742 [2009]). The Parole Board is not required to give equal weight to each statutory factor (*see Matter of Hanson v New York State Bd. of Parole*, 57 AD3d 994, 994-995 [2008]), and it is not required to "articulate specifically each factor in its determination" (*Matter of Huntley v Evans*, 77 AD3d 945, 947 [2010]).

Here, contrary to the Supreme Court's determination that the Parole Board's primary focus in denying parole was the nature of the crime committed, the Parole Board looked at the petitioner's institutional record, including his disciplinary record, program accomplishments, and intended plans after release regarding employment and living arrangements, as well as the violent circumstances of his crime and his criminal history (*see Matter of Miller v New York State Div. of Parole*, 72 AD3d at 691; *Matter of Porter v Alexander*, 63 AD3d 945, 946 [2009]).

Further, after giving due consideration to the statutory factors, the Parole Board denied the petitioner's application to be released to parole based on the seriousness of the offense, his multiple disciplinary violations while incarcerated, and the petitioner's criminal history, with particular attention to the

fact that he committed the underlying crime shortly after a period in which he was on probation and that he had displayed an escalation of unlawful activities (*see Matter of Silmon v Travis*, 95 NY2d 470, 477 [2000]; *Matter of Miller v New York State Div. of Parole*, 72 AD3d 690, 691 [2010]). Thus, the Parole Board's determination was not based on "irrationality bordering on impropriety" (*Matter of Duffy v New York State Div. of Parole*, 74 AD3d 965, 966 [2010] [internal quotation marks omitted]; *cf. Matter of Huntley v Evans*, 77 AD3d 945, 947 [2010]).

The petitioner's remaining contentions are without merit.

Accordingly, the petition should have been denied, the determination confirmed, and the proceeding dismissed on the merits. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.