In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated April 13, 2011, which, after a hearing, denied the petitioner’s request to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Orange County (Marx, J.), dated March 29, 2012, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, without costs or disbursements.
In determining whether to grant parole to an inmate, the New York State Board of Parole (hereinafter the Parole Board) is required to consider a number of statutory factors (see Executive Law § 259-i [2] [c]; Matter of King v New York State Div. of Parole, 83 NY2d 788, 790 [1994]). However, the Parole Board is not required to give each factor equal weight, or to articulate each statutory factor considered (see Matter of Vigliotti v State of N.Y. Exec. Div. of Parole, 98 AD3d 789, 790 [2012]; Matter of Stanley v New York State Div. of Parole, 92 AD3d 948 [2012]; Matter of Miller v New York State Div. of Parole, 72 AD3d 690, 691 [2010]). “Absent a convincing demonstration to the contrary, the [Parole] Board is presumed to have acted properly in accordance with statutory requirements, and judicial intervention is warranted only where there is a showing of irrationality bordering on impropriety” (Matter of Hanson v New York State Bd. of Parole, 57 AD3d 994, 994 [2008] [internal quotation marks omitted]; see Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]; Matter of Hardwick v Dennison, 43 AD3d 406, 407 [2007]).
Contrary to the petitioner’s contention, the record in this proceeding demonstrates that the Parole Board considered the requisite statutory factors in reaching its determination. In ad *725 dition, in reviewing that determination, the Supreme Court did not impermissibly substitute its own grounds for those relied upon by the Parole Board. Since the petitioner failed to establish that the determination was irrational, the proceeding was properly dismissed (see e.g. Matter of Stanley v New York State Div. of Parole, 92 AD3d 948 [2012]; Matter of Miller v New York State Div. of Parole, 72 AD3d 690 [2010]; Matter of Samuel v Alexander, 69 AD3d 861 [2010]; Matter of Hanson v New York State Bd. of Parole, 57 AD3d 994 [2008]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.