■ In the Matter of PAUL JACKSON, Appellant, v ANDREA EVANS, Respondent. [987 NYS2d 422]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated August 28, 2012, which, after a hearing, denied the petitioner's request to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated April 2, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In determining whether to grant parole to an inmate, the New York State Board of Parole (hereinafter the Board) is required to consider a number of statutory factors (*see* Executive Law § 259-i [2] [c]; *Matter of Goldberg v New York State Bd. of Parole*, 103 AD3d 634 [2013]). "Absent a convincing demonstration to the contrary, the Board is presumed to have acted properly in accordance with statutory requirements, and judicial intervention is warranted only where there is a showing of irrationality bordering on impropriety" (*Matter of Hanson v New York State Bd. of Parole*, 57 AD3d 994, 994 [2008] [internal quotation marks omitted]; *see Matter of Thomches v Evans*, 108 AD3d 724 [2013]).

Whether the Board considered the proper factors and followed the proper guidelines are questions that should be assessed based on the "written determination . . . evaluated in *the context of the parole hearing transcript*" (*Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778 [2008] [emphasis added]; *see Matter of Fraser v Evans*, 109 AD3d 913, 914-915 [2013]). Contrary to the petitioner's contention, the record in this proceeding demonstrates that the Board considered the requisite statutory factors in reaching its determination.

Since the petitioner failed to establish that the determination was irrational, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.