■ In the Matter of JASON HUNTLEY, Appellant, v TINA MARIE STANFORD, Respondent. [20 NYS3d 902]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated February 15, 2013, denying, after a hearing, the petitioner's application to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated December 13, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Judicial review of the determinations of the New York State Board of Parole (hereinafter the Parole Board) is narrowly circumscribed (see Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21, 29 [1969]; Matter of Hardwick v Dennison, 43 AD3d 406, 407 [2007]; Matter of Rhoden v New York State Div. of Parole, 270 AD2d 550, 551 [2000]). Moreover, while the Parole Board is required to consider the relevant statutory factors (see Executive Law § 259-i [2] [c]) in reaching its determination, it is not required to address each factor in its decision or accord all of the factors equal weight (see Matter of Thomches v Evans, 108 AD3d 724 [2013]; Matter of Samuel v Alexander, 69 AD3d 861, 862 [2010]; Matter of Comfort v New York State Div. of Parole, 68 AD3d 1295, 1296 [2009]; see also Matter of Olmosperez v Evans, 114 AD3d 1077, 1078 [2014], affd 26 NY3d 1014 [2015]). In this case, the hearing record and the text of the Parole Board's determination establish that the requisite factors were properly considered.

The petitioner's remaining contentions are without merit.

Since the petitioner failed to sustain his burden of demonstrating that the challenged determination was irrational, the Supreme Court correctly denied the petition and dismissed the proceeding (see Matter of Thomches v Evans, 108 AD3d at 724-725; Matter of Samuel v Alexander, 69 AD3d at 862; Matter of Hardwick v Dennison, 43 AD3d at 407). Eng, P.J., Dillon, Chambers and Barros, JJ., concur.