■ In the Matter of BERNARD J. LeGEROS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [30 NYS3d 834]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated November 20, 2013, which, after a hearing, denied the petitioner's application to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Orange County (Onofry, J.), dated November 20, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

A determination of the New York State Board of Parole (hereinafter the Board), if made after consideration of the statutory factors, is not subject to judicial review absent a showing of irrationality bordering on impropriety (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Thomches v Evans*, 108 AD3d 724, 724-725 [2013]; *Matter of Stanley v New York State Div. of Parole*, 92 AD3d 948, 948-949 [2012]; *Matter of Miller v New York State Div. of Parole*, 72 AD3d 690 [2010]; *Matter of Almeyda v New York State Div. of Parole*, 290 AD2d 505, 506 [2002]).

Contrary to the petitioner's contention, the Board adhered to the requirements of Executive Law § 259-c (4) in making its parole decision, which included consideration of a risk and needs assessment instrument to assist in determining whether an inmate may be released to parole supervision (*see* Executive Law § 259-c [4]).

Further, the record demonstrates that the Board considered the appropriate statutory factors in denying the petitioner's application for release to parole, including his institutional accomplishments, academic and program achievements, prison disciplinary records, postrelease residential and employment plans, and letters of support. The Board also considered the seriousness of the petitioner's crime (*see Matter of Stanley v New York State Div. of Parole*, 92 AD3d 948 [2012]). The Board is not required to address each factor in its decision, or to accord all of the factors equal weight (*see Matter of Marszalek v Stanford*, 124 AD3d 665 [2015]; *Matter of Stanley v New York State Div. of Parole*, 92 AD3d at 948; *Matter of Miller v New York State Div. of Parole*, 72 AD3d at 691).

Since the petitioner failed to sustain his burden of demonstrating that the challenged determination was irrational, the petition was properly denied and the proceeding was properly dismissed (*see Matter of Marszalek v Stanford*, 124 AD3d 665 [2015]; *Matter of Thomches v Evans*, 108 AD3d at 724-725; *Matter of Stanley v New York State Div. of Parole*, 92 AD3d at 948; *Matter of Mata v Travis*, 8 AD3d 570 [2004]). Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.