■ In the Matter of MICHAEL H. CASSIDY, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant. [35 NYS3d 132]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated June 26, 2013, which, after a hearing, denied the petitioner's request to be released on parole, the New York State Board of Parole appeals (1) from an order of the Supreme Court, Orange County (Sciortino, J.), dated May 27, 2015, and (2), as limited by its brief, from so much of an amended order of the same court dated June 15, 2015, as granted the petitioner's motion to hold the New York State Board of Parole in civil contempt for failure to comply with a judgment of the same court dated July 18, 2014.

Ordered that the appeal from the order dated May 27, 2015, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated June 15, 2015 (*see Robertson v United Equities, Inc.*, 61 AD3d 838 [2009]); and it is further,

Ordered that the amended order dated June 15, 2015, is reversed insofar as appealed from, on the law, without costs or disbursements, the order dated May 27, 2015, is vacated, and the petitioner's motion to hold the New York State Board of Parole in civil contempt is denied.

The petitioner is serving a sentence of an indeterminate term of imprisonment of 25 years to life for his conviction in 1985, upon his plea of guilty, of murder in the second degree for kill-

ing his former girlfriend. On June 25, 2013, the petitioner appeared before the New York State Board of Parole (hereinafter the Parole Board) and, following a hearing, the Parole Board denied his request to be released on parole. After exhausting his administrative remedies, the petitioner challenged that determination in this proceeding pursuant to CPLR article 78. In a judgment dated July 18, 2014, the Supreme Court granted the petition, annulled the Parole Board's determination, and remitted the matter to the Parole Board with directions that, within 30 days of service of a copy of the judgment with notice of entry, the petitioner "shall be entitled to a new parole hearing consistent with this decision and the mandates of Executive Law §§ 259-c and 259-i. The new hearing shall be held before a different panel of the Parole Board." The court reached that determination upon concluding that the determination of the Parole Board "appears to have accorded no weight to any factor apart from the seriousness of petitioner's offense."

On April 21, 2015, a de novo hearing was conducted before a different panel of the Parole Board. During the hearing, the petitioner claimed that he committed the crime after "binge drinking for days," and had had serious alcohol problems since he was a teenager. He noted that he was discharged from the United States Coast Guard as a result of misbehavior that was a direct result of his drinking. He acknowledged that he was a violent person when drinking. The petitioner testified that for the "first few years" while in prison, he continued his substance abuse to escape from his lack of "self-esteem," but stopped using drugs and alcohol in 1997. His COMPAS (Correctional Offender Management Profiling for Alternative Sanction) assessment, on which a score of 10 is the highest level, indicated that his prison misconduct "has come down to a 5 out of 10," but he was assessed with a high probability of a return to substance abuse upon his re-entry into society.

At the conclusion of the de novo hearing, the petitioner was denied parole, based upon consideration, inter alia, of his "institutional adjustment; including discipline and program participation," his "Risk and Needs Assessment," and his "needs for successful re-entry into the community," as well as the "senseless" murder of his former girlfriend. In response, the petitioner moved to hold the Parole Board in civil contempt for failure to comply with the judgment dated July 18, 2014. The Supreme Court granted the motion. The Parole Board appeals, and we reverse.

On his motion to hold the Parole Board in civil contempt, the petitioner bore the burden of proving, by clear and convincing

evidence, that the Parole Board " 'violated a clear and unequivocal court order' " thereby prejudicing his rights (*Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009], quoting *Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]). In compliance with the judgment dated July 18, 2014, the petitioner was afforded a de novo hearing before a different panel of the Parole Board. Further, the determination made at the conclusion of the de novo hearing took into account his COMPAS assessment and other statutory factors. The written decision and the hearing transcript together demonstrate that the Parole Board fully complied with its responsibilities (*see Matter of Huntley v Stanford*, 134 AD3d 937 [2015]; *Matter of Marszalek v Stanford*, 124 AD3d 665 [2015]; *Matter of Jackson v Evans*, 118 AD3d 701 [2014]).

Accordingly, the petitioner's motion to hold the Parole Board in civil contempt should have been denied. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.