■ In the Matter of ADOLFO ESQUILIN, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [40 NYS3d 279]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, dated January 28, 2015, which, after a hearing, denied the petitioner's application to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated January 7, 2016, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Judicial review of the determinations of the New York State Division of Parole is narrowly circumscribed (*see Matter of Briguglio v New York State Bd. of Parole*, 24 NY2d 21, 29 [1969]; *Matter of Hardwick v Dennison*, 43 AD3d 406, 407 [2007]; *Matter of Rhoden v New York State Div. of Parole*, 270 AD2d 550, 551 [2000]). Moreover, while the Parole Board is required to consider the relevant statutory factors (*see* Executive Law § 259-i [2] [c] [A]) in reaching its determination, it is not required to address each factor in its decision or accord all of the factors equal weight (*see Matter of LeGeros v New York State Bd. of Parole*, 139 AD3d 1068, 1069 [2016]; *Matter of Thomches v Evans*, 108 AD3d 724 [2013]; *Matter of Samuel v Alexander*, 69 AD3d 861, 862 [2010]). In this case, the hearing record and the text of the respondent's determination establish that the requisite factors were properly considered.

The petitioner's remaining contention is without merit.

Since the petitioner failed to sustain his burden of demon-

strating that the challenged determination was irrational, the Supreme Court correctly denied the petition and dismissed the proceeding (*see Matter of Marszalek v Stanford*, 124 AD3d 665 [2015]; *Matter of Thomches v Evans*, 108 AD3d at 724-725; *Matter of Samuel v Alexander*, 69 AD3d at 862; *Matter of Hardwick v Dennison*, 43 AD3d at 407). Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.