■ In the Matter of MARK MARSZALEK, Appellant, v TINA STANFORD, as the Chairwoman of the State Board of Parole, Respondent. [59 NYS3d 432]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated June 1, 2015, which, after a hearing, denied the petitioner's application to be released on parole, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Putnam County (Marx, J.), entered March 22, 2016, as, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

Judicial review of a determination of the New York State Board of Parole (hereinafter the Parole Board) is narrowly circumscribed (*see Matter of Briguglio v New York State Bd. of Parole*, 24 NY2d 21, 29 [1969]; *Matter of Esquilin v New York State Bd. of Parole*, 144 AD3d 797, 797 [2016]; *Matter of Hardwick v Dennison*, 43 AD3d 406, 407 [2007]; *Matter of Rhoden v New York State Div. of Parole*, 270 AD2d 550, 551 [2000]). A Parole Board determination to deny an early release may be set aside only where it evinces "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]). Further, while the Parole Board is required to consider the relevant statutory factors (*see* Executive Law § 259-i [2] [c]) in reaching its determination, it is not required to address each factor in its decision or accord all of the factors equal weight (*see Matter of LeGeros v New York*

*State Bd. of Parole*, 139 AD3d 1068, 1069 [2016]; *Matter of Thomches v Evans*, 108 AD3d 724 [2013]; *Matter of Samuel v Alexander*, 69 AD3d 861, 862 [2010]). In this case, the hearing record and the text of the subject determination establish that the requisite factors were properly considered by the respondent.

Since the petitioner failed to sustain his burden of demonstrating that the challenged determination was irrational, the Supreme Court correctly, in effect, denied the petition and dismissed the proceeding (*see Matter of Marszalek v Stanford*, 124 AD3d 665 [2015]; *Matter of Thomches v Evans*, 108 AD3d at 724-725; *Matter of Samuel v Alexander*, 69 AD3d at 862; *Matter of Hardwick v Dennison*, 43 AD3d at 407). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.