Matter of Coleman v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 00138)





Matter of Coleman v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 00138


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2017-07296
 (Index No. 458/17)

[*1]In the Matter of David Coleman, appellant, 
v
New York State Department of Corrections and Community Supervision, et al., respondents.


David Lenefsky, New York, NY, for appellant.
Eric T. Schneiderman, Attorney General, New York, NY (Steven C. Wu and David S. Frankel of counsel), for respondents.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated June 28, 2017. The judgment denied a petition pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated July 26, 2016, denying, after a hearing, the petitioner's application to be released on parole, and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the New York State Board of Parole for further proceedings consistent herewith.
In 1979, the petitioner was convicted of two counts of murder in the second degree arising from his killing of a 14-year-old acquaintance who refused his sexual advances. The then-17-year-old petitioner strangled and beat the victim, then attempted to rape her. The petitioner was sentenced to concurrent terms of imprisonment of 25 years to life. In July 2016, the New York State Board of Parole (hereinafter the Parole Board) denied the petitioner's application for parole release. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the Parole Board's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Judicial review of a determination of the Parole Board is narrowly circumscribed (see Executive Law § 259-i[5]; Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21, 29; Matter of Marszalek v Stanford, 152 AD3d 773, 773). While the Parole Board is required to consider the relevant statutory factors (see Executive Law § 259-i[2][c][A]), it is not required to address each factor in its decision or accord all of the factors equal weight (see Matter of King v New York State Div. of Parole, 83 NY2d 788, 791; Matter of Marszalek v Stanford, 152 AD3d at 773; Matter of LeGeros v New York State Bd. of Parole, 139 AD3d 1068, 1069; Matter of Stanley v New York State Div. of Parole, 92 AD3d 948, 948).
Here, the petitioner demonstrated his entitlement to having the determination of the Parole Board set aside. The Parole Board's findings that there was a reasonable probability that, if released, the petitioner would not remain at liberty without violating the law, and that his release would be incompatible with the welfare of society and would so deprecate the serious nature of the [*2]crime as to undermine respect for the law, are without support in the record (see Matter of Marino v Travis, 289 AD2d 493, 493).
Contrary to the Parole Board's determination that the petitioner "distance[d]" himself from the crime, the record demonstrates that the petitioner took full responsibility for his actions, stating "I don't blame it on the drugs. I blame it on me. I'm responsible. I was responsible for taking drugs and ultimately I'm responsible for what happened while I was under the influence of those drugs." The petitioner also acknowledged that he had not forgotten the reason he was in prison, he was aware of the damage he had done to the victim, her family, and his own family, and he deeply regretted that his "life took that turn at that time but [he was] not that 17 year old angry kid anymore." Moreover, during his incarceration the petitioner earned three college degrees, received numerous commendations, including one for protecting a volunteer services secretary from an inmate and one for attempting to save the life of an inmate, and was assessed "low" for all risk factors on his COMPAS (Correctional Offender Management Profiling for Alternative Sanction) risk assessment.
Thus, a review of the record demonstrates that in light of all of the factors, notwithstanding the seriousness of the underlying offense, the Parole Board's "determination to deny the petitioner release on parole evinced irrationality bordering on impropriety" (Matter of Goldberg v New York State Bd. of Parole, 103 AD3d 634, 634 [internal quotations omitted]; see Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77; Correction Law § 259-i[2][c][A]).
Accordingly, the Supreme Court should have granted the petition and annulled the determination denying the petitioner's application to be released on parole.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court