Matter of Barton v New York City Employees' Retirement Sys.

2026 NY Slip Op 02110

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Betsy Barton, appellant,

v

New York City Employees' Retirement System, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-04657, (Index No. 10010/15)

Mark C. Dillon, J.P.

Barry E. Warhit

Carl J. Landicino

Phillip Hom, JJ.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.

Steven Banks, Corporation Counsel, New York, NY (Jonathan Schoepp-Wong and D. Alan Rosinus, Jr., of counsel), for respondents.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated December 9, 2014, which denied the petitioner's application for disability retirement benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Patria Frias-ColÓn, J.), dated March 5, 2024. The order denied the petitioner's motion to hold the respondents in civil contempt.

ORDERED that the order is affirmed, with costs.

In a prior proceeding pursuant to CPLR article 78, the petitioner challenged a determination of the Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees), which, upon the recommendation of the Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) dated January 13, 2013, denied the petitioner's application for disability retirement benefits. In a judgment dated May 23, 2014, the Supreme Court granted the petition and vacated the determination of the Board of Trustees, finding that the Medical Board failed to present credible evidence in support of its conclusion that the petitioner was not disabled. The matter was remitted, and the Board of Trustees, upon the recommendation of the Medical Board, again denied the petitioner's application for disability retirement benefits in a determination dated December 9, 2014.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Board of Trustees dated December 9, 2014. In a judgment dated August 2, 2016 (hereinafter the August 2016 judgment), the Supreme Court granted the petition, vacated the determination of the Board of Trustees, and remanded the matter, ordering the Board of Trustees to make new findings. Upon remand, the Medical Board, after considering new evidence and a physical examination of the petitioner, again recommended denying the petitioner's application for disability retirement benefits. The Board of Trustees adopted the Medical Board's recommendation and denied the petitioner's application.

In January 2023, the petitioner moved to hold the respondents in civil contempt for failure to comply with, inter alia, the August 2016 judgment. In an order dated March 5, 2024, the [*2]Supreme Court denied the motion. The petitioner appeals.

"A motion to punish a party for civil contempt is addressed to the sound discretion of the court" (Bauman v Bauman, 208 AD3d 624, 625 [internal quotation marks omitted]; see Shemtov v Shemtov, 153 AD3d 1295, 1295). To prevail on a civil contempt motion, the movant "must establish by clear and convincing evidence (1) that a lawful order or judgment of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order or judgment was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order or judgment, and (4) prejudice to the right of a party to the litigation" (Cover v Cover, 173 AD3d 970, 971; see Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1032). "Once the moving party makes this showing, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (Latterman v Latterman, 174 AD3d 518, 519; see El-Dehdan v El-Dehdan, 26 NY3d 19, 35).

Here, the Supreme Court providently exercised its discretion in denying the petitioner's motion to hold the respondents in civil contempt. The August 2016 judgment contained a mandate stating that "[u]pon remand the Board of Trustees is ordered to make new findings not inconsistent with this decision," but the Board of Trustees complied with its responsibilities. The Medical Board issued a written recommendation that included a lengthy discussion of new evidence and the reasoning for its recommendation. The Board of Trustees adopted that recommendation, and the respondents thus complied with the mandate in the August 2016 judgment (see Matter of Cassidy v New York State Bd. of Parole, 140 AD3d 953, 955).

The petitioner's remaining contentions are without merit.

DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court