■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered January 23, 1985, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree (two counts), robbery in the first degree, grand larceny in the third degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his guilt was proven beyond a reasonable doubt by the testimony of numerous witnesses. The witnesses identified the defendant as the individual who committed these crimes. The jury heard the testimony of two fire department officials who testified that the defendant identified himself to them when he arrived at the scene of a fire at 157 Smith Street in a stolen newspaper delivery vehicle. The fire officials were told by the defendant, who represented himself as a Red Cross volunteer, that he would relocate the victims of the fire to a shelter. Several of the victims similarly testified regarding the defendant's representations and further stated they accompanied him in the stolen vehicle. Each stabbing victim testified with respect to the circumstances in which he was attacked by the defendant with a knife. The assault victim who had $800 stolen from him by the defendant also testified regarding the facts of this larceny. One of these victims further explained how he observed the defendant stab and murder a third person. Further contributing to the finding of the defendant's guilt were his written and videotaped confessions.

The hearing testimony of the detectives present indicates that the defendant voluntarily surrendered himself at police headquarters and, after being given *Miranda* warnings, discussed his participation in these crimes. Accordingly, the court properly ruled the confessions were secured voluntarily from the defendant *(see, Matter of Kwok T.,* 43 NY2d 213; *People v Yukl,* 25 NY2d 585; *People v Hall,* 125 AD2d 698).

Finally, the trial court properly exercised its discretion in

sentencing the defendant to three consecutive sentences for the murder, attempted murder and assault counts. These offenses were committed on separate individuals and, therefore, were distinct acts *(see, People v Brathwaite,* 63 NY2d 839; *People v Golliver,* 126 AD2d 668; Penal Law § 70.25 [2]). Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.