■ In the Matter of LARRY LOVELL, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [835 NYS2d 514]—

Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 12, 2006 in Albany County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Following his conviction in 1984 of murder in the second degree, petitioner was sentenced to a prison term of 20 years to life. Initially denied parole release in 2002, the Board of Parole again denied release in November 2004 and directed that

petitioner be held for an additional 24 months. On administrative appeal the determination was affirmed, prompting this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition and petitioner now appeals.

One of the issues raised by petitioner was that the Board of Parole failed to obtain and consider the sentencing minutes. Although Supreme Court rejected this assertion, the Board, in fact, was required to obtain and consider those minutes, as well as the sentencing court's recommendations, prior to making its determination (*see* Executive Law § 259-i; *Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169, 1170 [2006]; *Matter of McLaurin v New York State Bd. of Parole*, 27 AD3d 565, 566 [2006], *lv denied* 7 NY3d 708 [2006]). It is noted that petitioner reappeared in November 2006 during the pendency of the appeal and the Board again failed to consider the sentencing minutes. Although such a reappearance would normally have necessitated dismissal of the current appeal as moot, an exception to the mootness doctrine is presented herein inasmuch as a substantial issue is involved, i.e., the failure to comply with the provisions of Executive Law § 259-i, which continues to evade review (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Standley v New York State Div. of Parole, supra* at 1170). Furthermore, although the Court has been informed that the Board now intends to hold a new hearing in which the transcript of petitioner's sentencing proceeding will be considered, the hearing has, as of yet, not been held. Thus, the matter has still not been rendered moot (*cf. Matter of Stanley v Dennison*, 20 AD3d 790, 790 [2005]; *Matter of Moore v Travis*, 304 AD2d 1001, 1002 [2003], *affd* 2 NY3d 748 [2004]).

In light of the absence of the sentencing minutes and the lack of consideration thereof by the Board, Supreme Court's judgment must be reversed and the matter remitted to the Board for a de novo hearing during which the sentencing minutes and the recommendations of the sentencing court shall be considered by the Board (*see Matter of Standley v New York State Div. of Parole, supra* at 1170-1171).

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Board of Parole which is directed to obtain petitioner's sentencing minutes and the recommendations of the sentencing court within 30 days of this Court's decision and to conduct a de novo hearing within 45 days of the date thereof.