In the Matter of THOMAS PORTER, Respondent, v GEORGE ALEXANDER, Appellant. [881 NYS2d 157]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Parole dated January 25, 2007, denying the petitioner's request to be released on parole, the appeal is from a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated February 22, 2008, which granted the petition, annulled the determination, and remitted the matter to the New York State Division of Parole for a de novo hearing.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner was convicted of murder in the second degree and manslaughter in the first degree in 1982 for two separate homicides of young men, and was sentenced to concurrent indeterminate terms of 15 years' to life imprisonment and $8^{1}/_{3}$ to 25 years' imprisonment, respectively. In January 2007 the petitioner made his eighth appearance before the Board of Parole (hereinafter the Board) seeking release, which request was denied. He was ordered to be held for an additional 24 months. After an unsuccessful administrative appeal, the petitioner commenced this CPLR article 78 proceeding challenging the Board's denial of parole. The Supreme Court granted the petition and ordered a new parole hearing. We reverse.

Contrary to the Supreme Court's finding, the Board did not fail to comply with the requirements of Executive Law § 259-i.

The record demonstrates that the Board considered the appropriate statutory factors in denying the petitioner's parole request (*see* Executive Law § 259-i [2] [c]), including the petitioner's educational and program achievements, his prison disciplinary record, his postrelease residential and employment plans, as well as the seriousness of his crimes (*see Matter of Cruz v New York State Div. of Parole,* 39 AD3d 1060, 1061-1062 [2007]; *Matter of Marsh v New York State Div. of Parole,* 31 AD3d 898 [2006]). Moreover, the Board was not required to weigh each factor equally or articulate the weight accorded to each factor (*see Matter of Gardiner v New York State Div. of Parole,* 48 AD3d 871, 872 [2008]; *Matter of Rivera v Dennison,* 25 AD3d 856, 857 [2006]).

The failure of the Board to consider the sentencing minutes in denying the petitioner's application to be released on parole did not prejudice him (*see Matter of Lu Po-Yen v New York State Bd. of Parole,* 60 AD3d 952 [2009]; *Matter of Galbreith v New York State Bd. of Parole,* 58 AD3d 731 [2009]). Although the sentencing minutes were missing from the court file and thus unavailable to the Board, there is nothing in the record indicating that the sentencing court made any parole recommendation on the record (*see Matter of Abbas v New York State Div. of Parole,* 61 AD3d 1228, 1229 [2009]; *see Matter of Valerio v New York State Div. of Parole,* 59 AD3d 802 [2009]; *Matter of Motti v Alexander,* 54 AD3d 1114, 1115 [2008]; *Matter of Schettino v New York State Div. of Parole,* 45 AD3d 1086, 1087 [2007]). Neither *Matter of Lovell v New York State Div. of Parole* (40 AD3d 1166 [2007]) nor *Matter of McLaurin v New York State Bd. of Parole* (27 AD3d 565 [2006]) calls for a different conclusion. Both of those matters involved situations where the parole boards failed to consider sentencing minutes which were available to them and contained positive parole recommendations (*see Matter of Lovell v New York State Div. of Parole,* 40 AD3d at 1167; *Matter of Standley v New York State Div. of Parole,* 34 AD3d 1169, 1170 [2006]).

Nonetheless, in accordance with Executive Law § 259-i (1) (a) (i), the Board did consider parole recommendation letters from the sentencing court judge and the assistant district attorney, who tried the murder case, which letters described the crime as a "cold-blooded" and "brutal and intentional murder." Since the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]), there was no reason to disturb it. Accordingly, the Supreme Court should have denied the petition

and dismissed the proceeding. Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.