■ In the Matter of DARRYL L. FREEMAN, Appellant, v GEORGE B. ALEXANDER, as Chair of the Division of Parole, Respondent. [885 NYS2d 379]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered September 29, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1981, petitioner was convicted of, among other things, at-

tempted murder in the first degree for which he was sentenced to 20 years to life in prison. In June 2007, he made his fourth appearance before the Board of Parole seeking parole release. The Board denied his request and ordered him held for an additional 24 months. When petitioner failed to receive a timely response to his administrative appeal, his administrative remedy was deemed exhausted and he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the proceeding. Petitioner appeals asserting, among other things, that the Board's failure to consider the sentencing court's sentencing minutes deprived him of a fair hearing.

We affirm. Our review of the record discloses that in its denial of petitioner's request for parole release, the Board considered the appropriate statutory factors set forth in Executive Law § 259-i with the exception of the recommendations of the sentencing court. The Board's explanation for not considering the sentencing court's recommendations is that the minutes from petitioner's 1981 sentencing could not be located, a circumstance reported to petitioner during his parole hearing. According to correspondence in the record from the sentencing court, Supreme Court in Kings County, the minutes of petitioner's sentencing cannot be found.

As this is not a case where the Board failed to consider sentencing minutes which were available (*see Matter of Lovell v New York State Div. of Parole*, 40 AD3d 1166, 1167 [2007]; *Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169, 1170-1171 [2006]), we cannot say—on the record before us—that the Board's inability to consider the sentencing minutes rendered its decision irrational so as to border on impropriety (*see Matter of Cartagena v Alexander*, 64 AD3d 841, 842 [2009]). Notably, petitioner does not assert, nor does the record otherwise reveal, that the sentencing court made any parole recommendations. The transcript of the parole hearing reflects that the Board took into consideration, among other things, the serious nature of petitioner's underlying crimes, his favorable prison disciplinary record, his program and educational accomplishments and his postrelease plans. Accordingly, we decline to disturb the Board's decision.

We have considered petitioner's remaining contentions and find them unavailing.

Spain, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.