■ In the Matter of GERARD BLASICH, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant. [890 NYS2d 211]—

McCarthy, J.

In May 1986, petitioner was convicted of various crimes in Queens County and sentenced to an aggregate prison term of 2 to 6 years. He separately pleaded guilty to murder in the second degree in satisfaction of a Nassau County indictment and, in June 1986, was sentenced to a prison term of 15 years to life, that sentence to run concurrently with the Queens County sentence. Petitioner requested parole release and made his fifth appearance before respondent in 2008. Following a hearing, respondent denied his request and ordered him held for an additional 24 months. A timely response to petitioner's administrative appeal was not forthcoming, and he accordingly commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court granted the petition in part and ordered a new hearing, holding, among other things, that respondent erroneously failed to obtain a copy of the sentencing minutes in the Nassau County matter. Respondent now appeals.

While respondent is ordinarily required to obtain and consider sentencing minutes in determining whether to grant parole (*see Matter of Smith v New York State Div. of Parole*, 64 AD3d 1030, 1032 [2009]; *Matter of Carter v Dennison*, 42 AD3d 779 [2007]; *Matter of Lovell v New York State Div. of Parole*, 40 AD3d 1166, 1167 [2007]; *Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169, 1171 [2006]), the failure to do so does not necessarily mandate a new hearing if, as here, those minutes are unavailable (*see Matter of Freeman v Alexander*, 65 AD3d 1429, 1430 [2009]; *Matter of Cartagena v Alexander*, 64 AD3d 841, 841-842 [2009]; *Matter of Porter v Alexander*, 63 AD3d 945, 946 [2009]; *see also* Executive Law § 259-i [1] [a]; [2] [c] [A]). The record includes a letter from the Chief Court Reporter for Nassau County Court to the Division of Parole at Orleans Correctional Facility indicating that the sentencing minutes are unavailable. The letter is dated several months prior to petitioner's May 6, 2008 parole hearing and no evidence in the record casts doubt on the representation that the minutes are unavailable.* While petitioner has alleged that various statements were made

---

* We note that the Criminal Procedure Law requires that the sentencing minutes be delivered "to the person in charge of the institution to which the defendant has been delivered within thirty days from the date such sentence

at sentencing, including that nothing in the presentence report required a sentence harsher than that bargained for and a prediction that petitioner "would be released in his mid-thirties," there is no indication that any specific parole recommendations were made (*see Matter of Freeman v Alexander*, 65 AD3d at 1430; *Matter of Schettino v New York State Div. of Parole*, 45 AD3d 1086, 1087 [2007]; cf. *Matter of Weinstein v Dennison*, 7 Misc 3d 1009[A], 2005 NY Slip Op 50518[U], *3 n 5, *7-8 [2005]). It cannot be said as a result that respondent's "inability to consider the sentencing minutes rendered its decision irrational so as to border on impropriety" (*Matter of Freeman v Alexander*, 65 AD3d at 1430). As the transcript of the hearing reveals that respondent thoroughly considered all evidence before it, including the Queens County sentencing minutes and serious nature of the underlying crimes, as well as petitioner's institutional record, program accomplishments and postrelease plans, we decline to disturb its decision.

We have considered the remaining issues raised in the petition and find them to be without merit.

Spain, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application; petition dismissed in its entirety; and, as so modified, affirmed.

was imposed" (CPL 380.70). That provision, adopted in 1970 (*see* L 1970, ch 996, § 1), was recently amended to clarify that it is the sentencing court that is responsible for delivering the sentencing minutes (*see* CPL 380.70, as amended by L 2008, ch 141, § 1 [eff June 30, 2008]; Senate Introducer Mem in Support, 2008 NY Senate Bill S8714; Senate Introducer Mem in Support, 2009 NY Senate Bill S5517).