In the Matter of ELVIN LEBRON, Appellant-Respondent, v GEORGE B. ALEXANDER, as Chair of the Division of Parole, Respondent-Appellant. [892 NYS2d 579]—

Rose, J.

In 1994, petitioner was convicted of various offenses, including manslaughter in the first degree, and sentenced to a prison term of 11 to 22 years. His 2006 application for parole was initially denied, but the Board of Parole later directed that a new interview be held because the sentencing minutes had not been available at the original interview. After the sentencing court was unable to locate the minutes, they were determined to be permanently unavailable. Following the second hearing, the Board found that petitioner had shot a man to death and again denied him parole. When the Board failed to timely respond to petitioner's administrative appeal, he commenced this

CPLR article 78 proceeding. Supreme Court then held that there was no basis in the record for the Board's finding that petitioner had shot a man to death and directed a new hearing for that reason. Given the unavailability of sentencing minutes, however, Supreme Court also directed the Board to presume a favorable recommendation of the sentencing court. Both parties appeal.*

Initially, we note that petitioner has been conditionally released, an event that would normally render moot any challenges to an earlier hearing (*see Matter of Dobranski v Dennison*, 53 AD3d 994 [2008], *lv denied* 11 NY3d 711 [2008]). The established unavailability of the sentencing minutes here does not come within the exception to the mootness doctrine and, in any event, would not warrant a new hearing (*see Matter of Freeman v Alexander*, 65 AD3d 1429, 1430 [2009]; *Matter of Cartagena v Alexander*, 64 AD3d 841, 841-842 [2009]; *Matter of Porter v Alexander*, 63 AD3d 945, 946 [2009]). However, the issue of whether a presumption favoring release arises from the unavailability of sentencing minutes is an issue likely to recur and evade review and is a significant issue not previously passed on. It therefore falls within the exception to the mootness doctrine (*see Matter of Lovell v New York State Div. of Parole*, 40 AD3d 1166, 1167 [2007]; *Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169, 1170 [2006]).

As to that issue, respondent argues that no favorable presumption should arise where, as here, the Board is actually unable, rather than fails, to consider the sentencing minutes. We agree. We have not previously inferred such a presumption where the sentencing minutes are unavailable for reasons beyond the Board's control, and we discern no basis here for Supreme Court's imposition of a favorable presumption upon remand of the matter for a new hearing.

Peters, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed the Board of Parole to presume a favorable parole recommendation by the sentencing court, and, as so modified, affirmed.

 ---

* Contrary to petitioner's argument, respondent's cross appeal was timely taken (*see* CPLR 5513; *Oliver v Alcog*, 155 AD2d 1001, 1002 [1989]).