In the Matter of JOSE MATUL, Appellant, v CHAIR OF NEW YORK STATE BOARD OF PAROLE, Respondent. [894 NYS2d 200]—

Petitioner was convicted in 1993 of arson in the first degree and was sentenced to 15 years to life in prison. In January 2008, he made his second appearance before the Board of Parole seeking parole release. At the conclusion of the hearing, the Board denied his request. After taking an administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Following joinder of issue, Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Contrary to petitioner's claim, the record discloses

that the Board considered the appropriate statutory factors, including the seriousness of petitioner's crime, his prison disciplinary record, postrelease plans and possible deportation, in denying his request for parole release (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Hunter v New York State Div. of Parole*, 21 AD3d 1178, 1178 [2005]). Notably, the Board was entitled to place greater emphasis on the serious nature of the crime than on the other statutory factors and was not required to articulate every factor considered in making its determination (*see Matter of Karlin v Alexander*, 57 AD3d 1156, 1157 [2008], *lv denied* 12 NY3d 704 [2009]; *Matter of Garofolo v Dennison*, 53 AD3d 734, 734-735 [2008]). Moreover, although petitioner criticizes the Board's failure to consider the sentencing minutes, they were unavailable, and proof in the record reveals that a diligent effort to obtain them had been made. In view of this, and given the absence of documentation indicating that any particular parole recommendation was made, the Board's failure to consider the minutes is not a basis for annulling its determination (*see Matter of Blasich v New York State Bd. of Parole*, 68 AD3d 1339, 1340 [2009]; *Matter of Freeman v Alexander*, 65 AD3d 1429, 1430 [2009]; *see also Matter of Porter v Alexander*, 63 AD3d 945, 946 [2009]). Petitioner's remaining contentions have been considered and are unpersuasive. Accordingly, inasmuch as the Board's determination does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Mercure, J.P., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.