■ In the Matter of SAMUEL LaSALLE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [893 NYS2d 706]—

In 1980, petitioner was sentenced to an aggregate prison term of 20 years to life for his convictions for murder in the second degree and criminal possession of a weapon in the second degree, arising from an incident in which he shot his estranged wife in the chest, causing her death. In March 2008, petitioner made his seventh appearance before the Board of Parole for pa-

role release. His request was denied and he was ordered to be held for an additional 24 months. When a timely response to his administrative appeal was not forthcoming, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

While the Board is generally required to consider sentencing minutes in determining whether to grant an inmate parole, when those minutes are unavailable, its failure to do so does not mandate a new hearing (see Executive Law § 259-i [1] [a]; [2] [c] [A]; Matter of Blasich v New York State Bd. of Parole, 68 AD3d 1339, 1340-1341 [2009]; Matter of Freeman v Alexander, 65 AD3d 1429, 1430 [2009]; Matter of Cartagena v Alexander, 64 AD3d 841, 841-842 [2009]). Here, the Board stated on the record that it had made diligent efforts to obtain petitioner's sentencing minutes but was unable to do so and the record contains notice from Supreme Court, Kings County, that the sentencing minutes could not be located. Further, while there is no indication that a favorable parole recommendation was made beyond petitioner's assertion that the sentencing court made a favorable recommendation that he serve only the minimum sentence if he were a model prisoner, the Board stated that it would consider that recommendation. Therefore, it cannot be said that the Board's inability to consider the minutes rendered its decision "irrational so as to border on impropriety" (Matter of Freeman v Alexander, 65 AD3d at 1430; see Matter of Abbas v New York State Div. of Parole, 61 AD3d 1228, 1228 [2009]).

We also find without merit petitioner's argument that the Board relied solely on the nature of his crime in reaching its decision. While the Board did place particular emphasis upon the heinous and violent nature of petitioner's crime, it also took note of his programmatic and educational accomplishments, his release plans, the disciplinary infraction he committed since his last appearance, his expressions of remorse and the recommendation of the sentencing court. Thus, the Board considered the appropriate statutory factors and was neither required to specifically discuss every factor it considered nor give them equal weight (see Matter of Abbas v New York State Div. of Parole, 61 AD3d at 1228-1229; Matter of Karlin v Alexander, 57 AD3d 1156, 1156-1157 [2008], lv denied 12 NY3d 704 [2009]).

Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.