■ In the Matter of TYRONE MIDGETTE, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [895 NYS2d 530]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated September 24, 2007, denying the petitioner's application to be released to parole, the appeal is from a judgment of the Supreme Court, Dutchess County (Marlow, J.), dated January 7, 2009, which granted the petition, annulled the determination, and remitted the matter to the New York State Division of Parole for a reconstruction hearing as to the petitioner's sentencing or, in the alternative, a de novo parole hearing at which it must afford the petitioner a favorable inference on the issue of a sentencing recommendation.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the determination is confirmed, and the proceeding is dismissed.

In this proceeding, the petitioner, Tyrone Midgette, challenges a September 24, 2007, determination of the New York State Board of Parole (hereinafter the Board), denying his application to be released to parole. The petitioner contends that the failure of the Board to consider the minutes of his sentencing proceeding was improper (*see* Executive Law § 259-i [1] [a]; *Matter of Edwards v Travis*, 304 AD2d 576 [2003]). The Supreme Court, after finding that the failure was indeed improper and that the minutes were unavailable, ordered a reconstruction hearing of the petitioner's sentencing proceeding or, in the alternative, a de novo parole hearing at which the Board must afford the petitioner a favorable inference on the issue of a sentencing recommendation. Subsequent to the judgment appealed from, however, the petitioner again appeared before the Board and was again denied release. Consequently, the appeal must be dismissed as academic unless an exception to the mootness doctrine is applicable. In that respect, the record contains an affidavit from a senior court reporter in the Supreme Court, New York County, stating that the minutes cannot be found. It is therefore likely that the substantial issue with respect to the sentencing minutes will recur. Furthermore, the substantial issue of a favorable inference is likely to recur but evade review. Consequently, this case presents an exception to the mootness doctrine (*see Matter of Lebron v Alexander*, 68 AD3d 1476 [2009]; *Matter of McLaurin v New York State Bd. of Parole*, 27 AD3d 565, 566 [2006]; *Matter of Standley v New York State Div. of Parole*, 40 AD3d 1344, 1345 [2007]).

A parole determination may be set aside only when the Board's determination to deny the petitioner early release evinced "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Briguglio v New York State Bd. of Parole*, 24 NY2d 21, 29 [1969]). The burden is on the petitioner to make a convincing demonstration of entitlement to such relief (*see Matter of McLain v New York State Div. of Parole*, 204 AD2d 456 [1994]). The only issue raised on this appeal is whether the Board's failure to obtain the minutes of the petitioner's sentencing proceeding entitled the petitioner to relief. We hold that it does not.

In the absence of any indication that the unavailable sentencing minutes contained any recommendation as to parole, the failure of the Board to obtain and consider those minutes did not prejudice the petitioner (*see Matter of Porter v Alexander*, 63 AD3d 945, 946 [2009]). Moreover, we note that the Board requested the minutes from the Supreme Court, New York

County, before the hearing and made numerous unsuccessful requests as well following that hearing. Consequently, the Board is not responsible for the failure of the Supreme Court, New York County, to preserve the minutes (*see Matter of Lebron v Alexander*, 68 AD3d 1476 [2009]; *cf.* L 2008, ch 141, § 1).

Finally, because any remaining undecided claims presented in the petition with respect to the Board's determination are now academic, we need not remit that matter to the Supreme Court, Dutchess County. Fisher, J.P., Florio, Belen and Austin, JJ., concur.