■ In the Matter of JOSE ANDREO, Appellant, v GEORGE ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [898 NYS2d 690]—Rose, J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 26, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner commenced this CPLR article 78 proceeding challenging a June 2008 determination of the Board of Parole denying his request for parole release. The Attorney General has advised this Court that petitioner reappeared before the Board in January 2010 at a de novo hearing and was again denied parole. In view of this, the matter must be dismissed as moot (see Matter of Graham v New York State Div. of Parole, 68 AD3d 1621 [2009]; Matter of Marcelin v Alexander, 67 AD3d 1240 [2009]). We are unpersuaded by petitioner's contention that the Board's failure to consider the sentencing minutes at the January 2010 de novo hearing presents an issue that falls within the exception to the mootness doctrine. The court reporter present at the sentencing proceedings submitted an affidavit attesting to his inability to find his notes or to provide a transcript of said proceedings. Inasmuch as it has been established that the sentencing minutes were unavailable (see Matter of Blaisch v New York State Bd. of Parole, 68 AD3d 1339, 1340 [2009], lv dismissed 14 NY3d 793 [2010]; Matter of Freeman v Alexander, 65 AD3d 1429, 1430 [2009]) and that this issue is, therefore, not likely to evade review, the appeal is dismissed as moot (see Matter of LaSalle v New York State Div. of Parole, 69 AD3d 1252, 1253 [2009], lv denied 14 NY3d 709 [2010]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

**[Original decision recalled and vacated by unpublished motion 2010 NY Slip Op 73684(U) and a new decision substituted at the direction of the Appellate Division, Third Department.]**