◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VASQUEZ, Appellant. [903 NYS2d 22]—

Judgment of resentence, Supreme Court, New York County (Renee A. White, J.), rendered on or about May 12, 2009, revoking a prior sentence of probation and resentencing defendant to a term of 4 to 12 years, unanimously affirmed.

After denying defendant's CPL 420.10 (5) application for resentencing, made on the ground of inability to pay restitution,

the court properly revoked defendant's probation and imposed a prison sentence based on his undisputed failure to comply with the restitution condition of his probation. Initially, we note that a denial of a CPL 420.10 (5) resentencing application is not appealable (*People v Frederick*, 123 AD2d 468 [1986]). In any event, regardless of whether the present appeal from the resentence brings up for review the denial of the application, we conclude that, based on the history of the case and all the information before it at resentencing, the court properly rejected defendant's excuses for nonpayment of restitution and resentenced him to prison.

Defendant's claim that he was unconstitutionally imprisoned for inability to pay (*see Bearden v Georgia*, 461 US 660 [1983]) is unpreserved because he failed to articulate a constitutional claim (*see e.g. People v Kello*, 96 NY2d 740, 743 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court did not revoke defendant's probation "simply because, through no fault of his own" (*Bearden*, 461 US at 672-673), he could not comply with the restitution order that he signed as part of the plea bargain. The record establishes that defendant's nonpayment was wilful in that he failed to make good faith efforts to pay, and was also wilful in that "in the first instance, the defendant agreed to pay the restitution in order to obtain the benefits of a favorable plea, but knew at the time that he . . . would very likely be unable to satisfy the obligation" (*People v Hassman*, 70 AD3d 716, 718 [2010]).

Furthermore, regardless of whether defendant's nonpayment was wilful, a prison sentence was constitutionally permissible and a proper exercise of discretion, since there was no adequate alternative to prison (*see Bearden*, 461 US at 672-673). "[A] paramount condition of defendant's probation was that he make restitution; his failure to abide by this condition does not render [the] revocation unconstitutional" (*People v Martinich*, 258 AD2d 742, 743 [1999], *lv denied* 93 NY2d 927 [1999]). Defendant was a bookkeeper who stole approximately $590,000, amounting to nearly all the assets of his employer, and his promise to make restitution was the only reason the court initially sentenced him to probation. Concur—Friedman, J.P., Nardelli, Moskowitz, Freedman and Manzanet-Daniels, JJ.