■ In the Matter of JOHN DUFFY, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [903 NYS2d 479]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated September 5, 2007, which, after a hearing, denied the petitioner's application to be released to parole, the appeal is from a judgment of the Supreme Court, Kings County (Schack, J.), dated May 26, 2009, which granted the petition, annulled the determination, and remitted the matter to the New York State Division of Parole for a de novo parole hearing.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

In this proceeding, the petitioner, John Duffy, challenges a September 5, 2007, order of the New York State Board of Parole

(hereinafter the Board), denying his application to be released to parole. As relevant to this appeal, Duffy asserts that the failure of the Board to consider the minutes of his sentencing proceeding was improper (*see* Executive Law § 259-i [1] [a]; *Matter of Edwards v Travis*, 304 AD2d 576 [2003]). The Supreme Court granted the petition and ordered a de novo parole hearing at which the Board is to afford Duffy a favorable inference as to a possible parole recommendation by the sentencing court.

A parole determination may be set aside only when the Board's determination to deny the petitioner early release evinced "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Briguglio v New York State Bd. of Parole*, 24 NY2d 21, 29 [1969]; *Matter of Midgette v New York State Div. of Parole*, 70 AD3d 1039 [2010]). The burden is on the petitioner to make a convincing demonstration of entitlement to such relief (*see Matter of Midgette v New York State Div. of Parole*, 70 AD3d 1039 [2010]; *Matter of McLain v New York State Div. of Parole*, 204 AD2d 456 [1994]).

The only issue raised on this appeal is whether the Board's failure to obtain the minutes of Duffy's sentencing proceeding entitled him to the relief granted by the Supreme Court (*see* Executive Law § 259-i [1] [a]). We hold that it does not require a de novo hearing. In the absence of any indication that the unavailable sentencing minutes contained any recommendation as to parole, the failure of the Board to obtain and consider those minutes did not prejudice Duffy (*see Matter of Midgette v New York State Div. of Parole*, 70 AD3d 1039 [2010]; *Matter of Porter v Alexander*, 63 AD3d 945, 946 [2009]). We reject Duffy's contention that the imposition by the sentencing court of less than the maximum sentence was an indication that the sentencing court made a favorable parole recommendation. Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.