■ In the Matter of JOSE SANTIAGO, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [911 NYS2d 436]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated June 4, 2008, denying the petitioner's application to be released to parole, the New York State Division of Parole appeals, as limited by its brief, (1) from so much of a judgment of the Supreme Court, Orange County (Slobod, J.), dated August 21, 2009, as granted the petition, annulled the determination, and, in effect, remitted the matter to the New York State Board of Parole for a new determination, and (2) from so much of an order of the same court dated November 6, 2009, as, upon renewal, adhered to the disposition contained in the judgment, and directed it, upon the remittal of the matter to it, to draw a certain inference in favor of the respondent.

Ordered that the order is reversed insofar as appealed from, on the law, and, upon renewal, so much of the judgment as granted the petition, annulled the determination, and, in effect, remitted the matter to the New York State Board of Parole for a new determination is vacated, so much of the petition as was for a judgment annulling the determination based upon a supposed failure to consider the content of certain sentence minutes is denied, the proceeding insofar as it sought such relief is dismissed on the merits, and the petition is otherwise denied and the proceeding is otherwise dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the judgment is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the order dated November 6, 2009.

We take judicial notice of the fact that a later request by the petitioner, Jose Santiago, for discretionary release from prison was denied by the New York State Board of Parole (hereinafter the Board) in June 2010. Santiago does not deny this assertion in his brief. As the Supreme Court directed the Board to make a certain inference in Santiago's favor based on the unavailability of the sentencing minutes, there is no reason to presume that the missing minutes will resurface at any time in the future, and Santiago will, in all likelihood, make future applications for early release from prison, the appeal should not be dismissed as

academic, since it presents an exception to the mootness doctrine (*see Matter of Midgette v New York State Div. of Parole*, 70 AD3d 1039, 1040 [2010]; *Matter of Lebron v Alexander*, 68 AD3d 1476 [2009]; *cf. Matter of Andreo v Alexander*, 72 AD3d 1178 [2010]).

It was error to annul the determination of the Board dated June 4, 2008, based on the failure of the appellant, the New York State Division of Parole (hereinafter the Division), to procure minutes of Santiago's sentencing that took place on January 23, 1985 (*see People v Santiago*, 136 AD2d 660 [1988]). Santiago did not raise this ground in connection with his administrative appeal (*see Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1610 [2010]). Moreover, the Division's answer to the petition included sufficient evidence of diligence in connection with its efforts to obtain the minutes from the Supreme Court (*see generally Matter of LaSalle v New York State Div. of Parole*, 69 AD3d 1252, 1253 [2010]). There is no evidence in the record to indicate that the sentencing court made any recommendation as to parole (*see Matter of Duffy v New York State Div. of Parole*, 74 AD3d 965 [2010]; *Matter of Midgette v New York State Div. of Parole*, 70 AD3d 1039, 1040 [2010]; *Matter of Porter v Alexander*, 63 AD3d 945, 946 [2009]).

In light of the June 2010 denial by the Board of Santiago's request for discretionary release, "because any remaining undecided claims presented in the petition with respect to the Board's determination are now academic, we need not remit th[e] matter to the Supreme Court" (*Matter of Midgette v New York State Div. of Parole*, 70 AD3d at 1041). Instead, we dismiss the entire petition (*id.*). Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.