■ The People of the State of New York, Respondent, v Leigh Morse, Appellant. [50 NYS3d 355]—

Appeal from order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about July 17, 2015, which, upon defendant's CPL 420.10 (5) application for reduction of restitution, adjusted the terms of payment to the extent of vacating a payment schedule and directed defendant to make "best efforts" to pay the ordered restitution, unanimously dismissed, as taken from a nonappealable paper.

"[N]o appeal lies from an order arising out of a criminal proceeding absent specific statutory authorization" (*People v Santos*, 64 NY2d 702, 704 [1984]), and "a denial of a CPL 420.10 (5) resentencing application is not appealable" (*People v Vasquez*, 74 AD3d 462, 463 [1st Dept 2010]). Furthermore, inasmuch as the order that defendant seeks to challenge adjusted the terms of payment, but did not "[r]evoke the entire sentence imposed and resentence the defendant" (CPL 420.10 [5] [d], [a]), it did not constitute a "sentence or resentence" for appealability purposes (*see* CPL 450.10 [2]; 450.30 [3]; *People v Pagan*, 19 NY3d 368, 370-371 [2012]). Contrary to defendant's assertion, the issue of whether this appeal should be dismissed on the ground of nonappealability was not decided by this Court in its orders granting and denying defendant's motions for certain relief.

In any event, defendant's attempt to relitigate the sentencing court's calculation of restitution is procedurally improper for various reasons, including the fact that this Court already decided that issue on defendant's direct appeal (111 AD3d 569 [1st Dept 2013], *lv denied* 22 NY3d 1157 [2014]).

Even if we were to reach the merits, Supreme Court's decision to vacate the payment schedule, but leave the total amount of restitution unchanged, subject to "best efforts" at full payment by defendant, was a provident exercise of discretion. Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.