■ In the Matter of PAUL RIVERA, Appellant, v TINA M. STANFORD, as Chair of the Board of Parole, Respondent. [65 NYS3d 482]—Appeal from a judgment of the Supreme Court (Ryba, J.), entered January 26, 2017, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner is serving an aggregate prison term of 21½ years to life upon his 1986 conviction of murder in the second degree, robbery in the first degree and assault in the first degree, as well as his 1995 conviction of rape in the second degree—the latter of which arose from an offense committed while petitioner was incarcerated. In November 2014, the Board of Parole denied petitioner's release to parole supervision and imposed a 24-month hold—noting that it had been unable to obtain the sentencing minutes accompanying petitioner's 1986 conviction.

Petitioner's subsequent CPLR article 78 proceeding challenging the Board's November 2014 determination based upon its failure to consider the 1986 sentencing minutes was unsuccessful.

In June 2016, petitioner learned that the relevant sentencing minutes had been located. Contending that such minutes constituted newly discovered evidence, petitioner commenced this CPLR article 78 proceeding in or about July 2016—once again challenging the Board's November 2014 denial of release—and seeking either immediate release or a de novo hearing before the Board. Petitioner reappeared before the Board in November 2016, at which time the Board—after expressly referencing the sentencing minutes corresponding to both the 1986 and the 1995 convictions—denied petitioner's request for release and imposed a 24-month hold. In lieu of answering, respondent then moved to dismiss this proceeding as moot. Supreme Court granted respondent's motion, prompting this appeal.

We affirm. Petitioner's reappearance before the Board in November 2016 renders his challenge to the Board's November 2014 determination moot, as petitioner has now received all of the relief to which he was entitled—namely, a de novo appearance before the Board wherein all of the relevant sentencing minutes were considered. Contrary to petitioner's assertion, the exception to the mootness doctrine does not apply—as evidenced by the fact that the sought-after sentencing minutes ultimately were located and considered (*compare Matter of Santiago v New York State Div. of Parole*, 78 AD3d 953, 953-954 [2010], *Matter of Lovell v New York State Div. of Parole*, 40 AD3d 1166, 1167 [2007], *and Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169, 1170-1171 [2006], *with Matter of Standley v New York State Div. of Parole*, 40 AD3d 1344, 1345-1346 [2007]). Accordingly, Supreme Court properly granted respondent's motion to dismiss this proceeding as moot (*see Matter of Isaac v Stanford*, 128 AD3d 1245, 1245-1246 [2015]; *Matter of Adams v New York State Div. of Parole*, 105 AD3d 1291, 1291 [2013]; *Matter of Burr v Chairperson, Appeals Unit, Div. of Parole*, 98 AD3d 1178, 1178 [2012]).

Garry, J.P., Rose, Devine, Mulvey and Pritzker, JJ., concur.

Ordered that the judgment is affirmed, without costs.