Matter of Burr v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 04351)





Matter of Burr v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 04351


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

529048

[*1]In the Matter of David A. Burr, Appellant,
v
New York State Department of Corrections and Community Supervision, Board of Parole, Respondent.

Calendar Date: June 26, 2020

Before: Garry, P.J., Egan Jr., Devine, Pritzker and Reynolds Fitzgerald, JJ.


David A. Burr, Auburn, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Appeals (1) from a judgment of the Supreme Court (Koweek, J.), entered May 6, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release, (2) from an order of said court, entered July 2, 2019 in Albany County, which denied petitioner's motion for reconsideration, and (3) from an order of said court, entered August 22, 2019 in Albany County, which adhered to its prior decision denying petitioner's motion for reconsideration.
Petitioner was convicted in 1984 of murder in the second degree and assault in the second degree and is serving a prison term of 25 years to life. In January 2018, respondent denied petitioner's request for discretionary release and ordered him held for an additional 18 months. Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination. By judgment entered May 6, 2019, Supreme Court dismissed petitioner's application, and petitioner's subsequent motions for reconsideration were denied. These appeals ensued.
The Attorney General has advised this Court that, while this appeal was pending, petitioner reappeared before respondent and again was denied discretionary release. Accordingly, petitioner's appeal from Supreme Court's May 2019 judgment is moot and, as the narrow exception to the mootness doctrine does not apply, that appeal must be dismissed (see Matter of Adger v Department of Corr. & Community Supervision, 181 AD3d 1120, 1120-1121 [2020]; Matter of Hynes v Stanford, 148 AD3d 1383, 1383 [2017]). In light of this conclusion, petitioner's appeals from Supreme Court's orders denying his motions for reconsideration are academic.
Garry, P.J., Egan Jr., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal from the judgment is dismissed, as moot, without costs.
ORDERED that the appeals from the orders are dismissed, as academic, without costs.