People ex rel. Jackson v Superintendent of Elmira Corr. Facility (2021 NY Slip Op 06134)





People ex rel. Jackson v Superintendent of Elmira Corr. Facility


2021 NY Slip Op 06134


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

533154
[*1]The People of the State of New York ex rel. Erwin Jackson, Appellant,
v
Superintendent of Elmira Correctional Facility, Respondent.

Calendar Date:October 8, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Erwin Jackson, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Rich Jr., J.), entered March 16, 2021 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Following his conviction of robbery in the first degree (nine counts) and conspiracy in the fourth degree, petitioner was originally sentenced in 2008 as a first-time felony offender to a prison term of 30 years and ordered to pay restitution. On appeal, petitioner's sentence was found to be illegal (People v Jackson, 65 AD3d 1164 [2009], lv denied 13 NY3d 939 [2010]) and, upon remittal, he was resentenced in October 2009 as a persistent violent felony offender to an aggregate prison term of 44 years to life. All other aspects of the original 2008 sentencing remained in effect.
In October 2011, Supreme Court issued an amended judgment of restitution, adding a mandatory 5% surcharge to the original restitution amount and directing that the restitution be deducted from petitioner's inmate account. Thereafter, in an April 2012 order, Supreme Court granted petitioner's application to defer collection of the restitution payment obligation until 90 days after his release from prison.
Petitioner subsequently moved to settle the October 2009 sentence and commitment order, alleging that it did not accurately reflect the sentence pronounced. In June 2018, Supreme Court granted the motion only to the extent of issuing an amended sentence and commitment order to accurately reflect the dates of the offenses.
Thereafter, petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus, contending that the October 2011 and April 2012 orders pertaining to the terms of restitution were tantamount to resentencing and, because those orders did not set forth a period of incarceration, he is being illegally detained. Supreme Court denied the petition, and this appeal ensued.
We affirm. Contrary to petitioner's contention, the October 2011 and April 2012 orders governing the imposed restitution did not supersede the 2009 sentence and commitment order or amount to a resentence pursuant to CPL 420.10 (see People v Morse, 148 AD3d 611, 611 [2017]; see also Jackson v Commissioner of N.Y. State Dept. of Corr. & Community Supervision, 2021 WL 2827315, *2, 2021 US Dist LEXIS 126543, *5 [ED NY, July 7, 2021, No. 12-CV-202 (BMC)]). Petitioner is legally incarcerated pursuant to the 2018 sentence and commitment order, to which the Department of Corrections and Community Supervision "is conclusively bound" in continuing to detain petitioner in custody (Matter of Olutosin v Annucci, 174 AD3d 1262, 1264 [2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 908 [2020]). Any alleged error warranting a change to the content of the commitment papers must be pursued in an appropriate proceeding before the sentencing court (see id. at 1264), not in a proceeding seeking habeas corpus relief. As such, [*2]Supreme Court's judgment denying petitioner's application will not be disturbed.
Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.