Matter of Letizia v Stanford (2022 NY Slip Op 05118)

Matter of Letizia v Stanford

2022 NY Slip Op 05118

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

533342 534286
[*1]In the Matter of Salvatore Letizia, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, Respondent.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Salvatore Letizia, Moravia, appellant pro se.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for respondent.

Egan Jr., J.P.
Appeals (1) from a judgment of the Supreme Court (Susan M. Kushner, J.), entered April 13, 2021 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondent's motion to dismiss the petition, and (2) from an order of said court, entered July 14, 2021 in Albany County, which, among other things, denied petitioner's motion for reconsideration.
Petitioner commenced this CPLR article 78 proceeding challenging a January 2020 determination by the Board of Parole that denied his request for release to parole supervision and imposed a 24-month hold. In lieu of answering, respondent moved to dismiss the petition for failure to serve respondent as directed in the order to show cause, which prompted petitioner to file a motion pursuant to CPLR 2001 and 2004 for an extension of time to correct the service error. By judgment entered April 13, 2021, Supreme Court denied petitioner's motion, granted respondent's motion and dismissed the petition. In an order entered July 14, 2021, the court denied petitioner's subsequent motion for an extension of time to serve respondent pursuant to CPLR 306-b and for reconsideration. Petitioner appeals from both the judgment and order.
The Attorney General has advised this Court that petitioner reappeared before the Board in February 2022 and again was denied parole release. Petitioner's subsequent reappearance before the Board renders his challenge to the January 2020 determination moot (see Matter of Burr v New York State Dept. of Corr. & Community Supervision, Bd. of Parole, 185 AD3d 1361, 1361 [3d Dept 2020], lv dismissed and denied 36 NY3d 925 [2020]; Matter of Rivera v Stanford, 156 AD3d 1085, 1086 [3d Dept 2017]). Contrary to petitioner's contention, we find that the narrow exception to the mootness doctrine is inapplicable (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). As such, the appeal from the judgment must be dismissed (see Matter of Burr v New York State Dept. of Corr. & Community Supervision, Bd. of Parole, 185 AD3d at 1361; Matter of Griffin v Evans, 105 AD3d 1221, 1222 [3d Dept 2013]). Given this conclusion, petitioner's appeal from the order denying his motion pursuant to CPLR 306-b and for reconsideration is academic (see Matter of Burr v New York State Dept. of Corr. & Community Supervision, Bd. of Parole, 185 AD3d at 1361).
Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeal from the judgment is dismissed, as moot, without costs.
ORDERED that the appeal from the order is dismissed, as academic, without costs.