Matter of Campbell v Stanford (2023 NY Slip Op 02152)

Matter of Campbell v Stanford

2023 NY Slip Op 02152

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

533891 533892 
[*1]In the Matter of Chad A. Campbell, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, Respondent. (And Another Related Proceeding.)

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

The Legal Aid Society, New York City and Orrick, Herrington & Sutcliffe LLP, New York City (Zachary Hennessee of Orrick, Herrington & Sutcliffe LLP, Washington, DC, admitted pro hac vice), for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Ceresia, J.
Appeals from two judgments of the Supreme Court (Stephan G. Schick, J.), entered July 22, 2021 in Sullivan County, which dismissed petitioner's applications, in two proceedings pursuant to CPLR article 78, to review two determinations of the Board of Parole denying petitioner's requests for parole release.
In 1992, petitioner was sentenced as a juvenile offender to two consecutive prison terms of nine years to life following his conviction of two counts of murder in the second degree, stemming from petitioner, who was 14 years old, fatally stabbing a 15-year-old female and the 17-month-old infant that she was babysitting (see People v Campbell, 197 AD2d 930 [4th Dept 1993], lv denied 83 NY2d 850 [1994]). In August 2019, petitioner, after postponing his May 2018 appearance to pursue a legal challenge to an earlier parole denial, appeared before the Board of Parole for the seventh time. The Board denied parole release and imposed a 24-month hold. Upon administrative appeal, which was not perfected for seven months, the August 2019 decision was vacated and petitioner was granted a de novo hearing.
Petitioner reappeared before the Board for such a hearing in August 2020. At the conclusion thereof, the Board again denied petitioner's request for parole release and imposed a 24-month hold. Petitioner's administrative appeal, which was perfected in January 2021, was dismissed as academic because petitioner had reappeared before the Board in March 2021 and, again, was denied parole.[FN1]
Petitioner thereafter commenced these CPLR article 78 proceedings challenging the Board's August 2019 and August 2020 decisions. Supreme Court, in two separate judgments entered July 21, 2021, among other things, dismissed the petitions on the merits. Petitioner appeals from both judgments.
Petitioner's August 2020 appearance before the Board rendered his challenge to the Board's August 2019 decision moot, as petitioner "received all of the relief to which he was entitled — namely, a de novo appearance before the Board" (Matter of Rivera v Stanford, 156 AD3d 1085, 1086 [3d Dept 2017]; see Matter of Tafari v Stanford, 133 AD3d 1013, 1013 [3d Dept 2015], lv denied 26 NY3d 917 [2016]). Further, because petitioner reappeared before the Board in March 2021, his challenge to the August 2020 decision denying his request for parole is also moot (see Matter of Letizia v Stanford, 208 AD3d 1399, 1399 [3d Dept 2022]; Matter of Cruz v Division of Parole, N.Y. State Dept. of Corr. & Community Supervision, 185 AD3d 1369, 1369 [3d Dept 2020]). This Court has been informed by petitioner that he also subsequently reappeared before the Board in November 2022 and, again, was denied parole release. We have reviewed, and are unpersuaded by, petitioner's contention that the matters fall within the narrow exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Letizia v Stanford, 208 AD3d at 1399). As such, the appeals must be dismissed[*2].
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.

Footnotes

Footnote 1: Because petitioner's August 2020 hearing had been conducted upon the administrative reversal of the August 2019 decision, and because the August 2019 appearance before the Board — which was originally scheduled for May 2018 — had been delayed for 15 months at petitioner's request, the 24-month hold imposed by the Board's August 2020 decision was deemed to have commenced in May 2018, and thus had already expired. As such, petitioner was entitled to an immediate appearance before the Board, which he postponed for approximately six months.