Matter of Mills v Towns
2026 NY Slip Op 03211
May 21, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Richard Mills, Appellant,
v
Darryl C. Towns, as Chair of the Board of Parole, et al., Respondents.

Decided and Entered:May 21, 2026
CV-25-0763
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Richard Mills, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.

[*1]
Clark, J.P.
Appeal from a judgment of the Supreme Court (Sharon Graff, J.), entered April 10, 2025 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR articles 70 and 78, to, among other things, review a determination of the Board of Parole denying petitioner's request for parole release.
The facts underlying petitioner's crimes, subsequent convictions and a prior appearance before the Board of Parole are more fully set out in a previous decision of this Court (Matter of Mills v New York State Bd. of Parole, 224 AD3d 1025 [3d Dept 2024], lv dismissed & denied 41 NY3d 1015 [2024]). In 2001, after petitioner fired a rifle in the direction of a police officer, he waived indictment and pleaded guilty pursuant to a superior court information (hereinafter SCI) charging him with attempted murder in the second degree and criminal possession of marihuana in the second degree, and he was sentenced to concurrent prison terms of 10 years, to be followed by five years of postrelease supervision. Subsequently, the judgment was vacated, the SCI was dismissed and the waiver of indictment was vacated, with leave to re-present the charges to a grand jury. Thereafter, petitioner was charged in an indictment with various crimes related to the 2001 incident. Following a trial, petitioner was convicted of attempted murder in the first degree, attempted assault in the first degree, reckless endangerment in the first degree, two counts of criminal possession of a weapon in the third degree and criminal possession of marihuana in the third degree. In 2004, County Court (Noonan, J.) sentenced petitioner to a prison term of 20 years to life for the attempted murder in the first degree conviction, to run concurrently with lesser sentences on the remaining convictions, with those sentences to run consecutively to one another (see People v Mills, 28 AD3d 1156, 1157 [4th Dept 2006], lv dismissed 6 NY3d 896 [2006], lv denied 7 NY3d 903 [2006]).
In 2011, petitioner was resentenced on his conviction for attempted assault in the first degree because County Court did not impose a period of postrelease supervision during the 2004 sentencing. Petitioner was resentenced, on consent, to the same 15-year prison term without imposing a period of postrelease supervision (see Penal Law § 70.85; Correction Law § 601-d). In 2019, petitioner was again resentenced upon his conviction for attempted assault in the first degree to the same 15-year prison term without a period of postrelease supervision and County Court (Church, J.) issued a sentence and commitment order imposing that sentence as well as the other sentences imposed in 2004.FN1
In September 2021, petitioner waived his right to appear when the Board initially considered him for discretionary release and, following a hearing, the Board concluded that release would not be appropriate and ordered that petitioner be held for an additional 24 months. After the determination was affirmed upon administrative appeal[*2], petitioner commenced a CPLR article 78 proceeding seeking, among other things, to annul the Board's determination. Supreme Court dismissed the petition and this Court affirmed (see Matter of Mills v New York State Bd. of Parole, 224 AD3d at 1027).
Petitioner's second appearance before the Board for release was scheduled for February 20, 2024, and he again waived his right to appear. Following a record review, the Board denied him release and ordered him held for another 24 months. The determination was affirmed on administrative review and petitioner commenced this CPLR article 70 and article 78 proceeding seeking, among other things, a writ of habeas corpus or a de novo release hearing. Respondents advised Supreme Court that they consented to granting petitioner a de novo hearing but opposed the further relief sought by petitioner. Supreme Court granted petitioner a de novo hearing but otherwise denied any further relief and dismissed the petition. Petitioner appeals.
We affirm. Respondents have advised this Court that petitioner was granted a de novo hearing before the Board on May 20, 2025, at which petitioner again waived his appearance, and he was denied release. Petitioner's May 2025 de novo hearing has rendered his challenges to the Board's February 2024 decision moot, as he has "received all of the relief to which he was entitled — namely, a de novo appearance before the Board" (Matter of Campbell v Stanford, 215 AD3d 1195, 1196 [3d Dept 2023] [internal quotation marks and citation omitted]; see Matter of Ifill v Evans, 87 AD3d 776, 777 [3d Dept 2011]), and we find that the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Petitioner's application for a writ of habeas corpus is premised upon his contention that the 2019 sentence and commitment form, issued upon his resentencing on the attempted assault in the first degree conviction and upon which he is being detained, is a nullity as to the other sentences and his detention on those convictions is therefore "[j]urisdictional[ly] void." We note that the 2019 sentence and commitment form imposed the resentence on the attempted assault conviction, as well as all the other sentences originally imposed in 2004. The Department of Corrections and Community Supervision is conclusively bound to follow the sentence and commitment form in detaining petitioner and "[a]ny alleged error warranting a change to the content of the commitment papers must be pursued in an appropriate proceeding before the sentencing court, not in a proceeding seeking habeas corpus relief" (People ex rel. Jackson v Superintendent of Elmira Corr. Facility, 199 AD3d 1153, 1154-1155 [3d Dept 2021] [internal citation omitted]; see also Matter of Mills v New York State Bd. of Parole, 224 AD3d at 1027-1028).
As to petitioner's challenge to the 2019 sentence and commitment form as part of his present CPLR article 78 proceeding, and his request that respondent [*3]Genesee County Court Clerk be ordered to amend the sentence and commitment form to reflect only the 15-year sentence imposed on the attempted assault conviction, as we stated in our prior decision on the denial of his release in 2021, "any contention that the sentence and commitment order does not accurately reflect the resentence imposed by the court in 2019, and any request to change the sentence and commitment order, must be pursued in a proceeding in the sentencing court and not this CPLR article 78 proceeding" (Matter of Mills v New York State Bd. of Parole, 224 AD3d at 1027-1028). Petitioner's contention that the 2004 indictment was jurisdictionally defective is similarly not appropriate for a CPLR article 70 or article 78 proceeding (see Matter of Hill v Howard, 230 AD3d 1449, 1450 [3d Dept 2024]; Matter of Mills v New York State Bd. of Parole, 224 AD3d at 1027-1028; People ex rel. Jackson v Superintendent of Elmira Corr. Facility, 199 AD3d at 1154-1155). Petitioner's claim that the Department of Corrections and Community Supervision is punishing him for failing to participate in certain voluntary programs was properly dismissed for failure to exhaust administrative remedies (see 7 NYCRR 701.2 [a]; Matter of Torres v Fischer, 73 AD3d 1355, 1355 [3d Dept 2010]). Petitioner's remaining contentions, to the extent they are properly before us, have been considered and found to be without merit.
Aarons, Pritzker, McShan and Ryba, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1
In 2021, petitioner's conviction for criminal possession of marihuana was administratively vacated and expunged (see CPL 440.46-a).